ASSOCIATED EMPLOYERS' RECIPROCAL et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12603—Opinion Filed July 18, 1922.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation — Medical Services — Jurisdiction of Industrial Commission.**

The Industrial Commission of this state is without jurisdiction to hear and determine disputed claims, or the reasonableness or unreasonableness thereof, for medical or hospital services, where the same are based upon contract express or implied between the employer and a physician who furnished the services to an injured employe who was entitled to compensation for his injuries under the provisions of the Workmen's Compensation Law of this state.

2. **Same — Reversal of Order of Commission.**

Record examined, and order of the State Industrial Commission reversed, and cause remanded with directions.

Error from State Industrial Commission.

Action by the Associated Employers' Reciprocal and another to review award for medical and hospital services. Reversed and remanded.

Twyford & Smith and Clayton B. Pierce, for petitioners.

George F. Short, Atty. Gen., Kathryn Van Leuven, Asst. Atty. Gen., and Phil W. Davis, Jr., for respondents.

JOHNSON, J. This action was regularly commenced in this court on September 8, 1921, by the petition of the petitioners to review an award made to the respondents Oklahoma Hospital, a corporation, and Dr. Fred S. Clinton by the State Industrial Commission on August 10, 1921; said award and orders being as follows, to wit:

"Now on this the 10th day of August, 1921, the above cause coming on for further consideration, pursuant to a hearing held in Tulsa, July 30, 1921, before a member of the State Industrial Commission, to review the medical bills of the Oklahoma Hospital and Dr. Fred S. Clinton, to which hearing all parties received legal notice; Dr. Fred S. Clinton appeared in person and represented by M. M. Eakes; the respondent and insurance carrier represented by Clayton D. Pierce. The commission, after examining the testimony taken at said hearing, and all records on file, finds:

"That the doctor bill of Dr. Fred S. Clinton for one thousand seventy-seven ($1,077.) dollars is fair and reasonable charge as prevail in Tulsa, Okla., for a similar treatment of an injured person of like standard of living.

"The commission further finds that the hospital bill of the Oklahoma Hospital for fifteen hundred sixty-eight and 90-100 ($1,568.90) dollars is a fair and reasonable charge, as prevail in Tulsa, Okla., for similar care of an injured person of like standard of living.

"It is therefore ordered: That within ten (10) days, the World Publishing Company, respondent herein, or the Associated Employers' Reciprocal, insurance carrier herein, pay to Dr. Fred S. Clinton the sum of one thousand and seventy-seven ($1,077.00) dollars, for surgical attention to Miss Fronia Henderson, due to an injury received on May 15, 1920, while in the employ of the World Publishing Company, and in the course of her employment.

"It is further ordered: That within ten (10) days the World Publishing Company, respondent herein, or the Associated Employers Reciprocal, insurance carrier herein, pay to the Oklahoma Hospital the sum of fifteen hundred sixty-eight & 90-100 ($1,568.90) Dollars, for hospital attention to Miss Fronia Henderson, due to an injury received on May 15, 1920."

The petitioners' specifications of error are as follows:

"(1) That said award is contrary to law.

"(2) That said award is contrary to the evidence introduced at the hearing.

"(3) That said award is not supported by any legal evidence whatever.

"(4) That said award is contrary to law and contrary to the evidence.

"(5) That as a matter of fact and law the State Industrial Commission had no jurisdiction and authority to make said award in the sum and amount therein set forth, under the Workmen's Compensation Law.

"(6) That as a matter of fact the sum of $1,077 which is awarded said respondent is not the proper and legal amount authorized to be awarded and is not a fair and reasonable charge as prevails in Tulsa, Okla.) for similar treatment of an injured person of like standard of living as that of the respondent. Fronia Henderson, and therefore said award is contrary to law, and is unreasonable and exorbitant in fact.

"(7) That the hospital bill of $1,568.90 awarded is not a fair and reasonable charge, as prevails in Tulsa, Okla., for similar care of an injured person of like standard of living, to wit, said Fronia Henderson, and is contrary to law, and is unreasonable in fact and exorbitant."

Counsel discuss these · specifications of error in their brief under three propositions, the first of which is that:

"The State Industrial Commission has no jurisdiction to entertain a controversy between third persons and the employer and insurance carrier."

Under which proposition they first discuss specification of error No. 1:

"The Industrial Commission has no jurisdiction to entertain the claim."

As we view the record it will not be necessary to notice the other specifications of error.

· The record discloses that on January 10, 1921, the State Industrial Commission had before it claim No. 20483, wherein Fronia Henderson was claimant, World Publishing Company was respondent, and Associated Employers' Reciprocal · was insurance carrier in which cause the commission found that the claimant while in the employ of the respondent and in the course of her employment was injured on the 15th day of May, 1920, and she was entitled to compensation beginning on the 15th day of May, 1920 ; and ordered that the respondent pay the claimant compensation computed from the 15th day of May, 1920, at the rate of $8.65 per week and continue said payment weekly until the final termination of disability or until otherwise ordered by the commission, and also pay all. medical expenses as may be necessary as a result of said accident, during 60 days after the injury, or for such time in excess thereof, as in the judgment of the commission may be required, such charges not to exceed the sum of $100 unless approved by the commission. It is conceded that the claimant was paid her award, and the same is not involved herein.

The record further discloses that thereafter the respondent Oklahoma Hospital filed a claim in said cause; an itemized bill of its charges for care and attention to the claimant, beginning on May 15, 1920, the date of the injury, and at intervals thereafter up to September 30, amounting to $1,568.90. And at the same time, the respondent Dr. Fred S. Clinton filed a bill in said cause for medical services of himself and assistants rendered the claimant, amounting to $1,077. And thereafter, on a hearing had by the commission on April 11, 1921, upon notice, the commission made a finding that the claims of the respondents in said amounts were reasonable charges, and ordered that the petitioners pay the same.

The record further discloses that in pursuance of motion for review filed by the petitioners, the commission, after hearing on review, at which testimony was taken, again made the same findings and orders. The commission made no finding of fact, as to who employed the respondents to care for and treat the claimant, Fronia Henderson, but the undisputed evidence is that the respondent Publishing Company, through its authorized agents, made such employment in substantially the following circumstances; that the claimant was an elevator girl and operated the elevator in the respondent's building, and on the date mentioned, May 15, 1921, while in discharge of her duties, she fell in the elevator shaft in the New World Building on Boulder avenue, Tulsa, Okla., and that she was immediately removed to the Oklahoma Hospital; that she was removed there by the authority of the World Publishing Company on orders of either Mr. Larson or Eugene Lorton, each of whom made request to Dr. Clinton that he give the claimant the best of attention; that Mr. Lorton was the president of the. company and Mr. Larson was the business manager thereof; that each visited the hospital often after the injury, and that the claimant was kept in a hospital from the date of the injury to September 30, where she was afforded the best attention, and for which the customary charges of the institution were made therefor.

There was very much in the testimony that tended to sustain the findings of the commission that the charges of the respondents were reasonable, and on that question such findings are conclusive upon this

court. The question for our determination is purely one of law, that is, "Did the State Industrial Commission have jurisdiction to make the award complained of?"

It is not contended that the injured claimant ever made request of the respondents or employed them to perform the services for which the charges are made. The applicable provisons of the Workmen's Compensation Act, article 2, section 4, of the Workmen's Compensation Act, Sess. Laws of 1915, c. 246, p. 574, as amended by Sess. Laws 1919, p. 17, ch. 14, are as follows:

"Section 4. The employer shall promptly provide for an injured employe such medical, surgical or other attendance or treatment, nurse and hospital services, medicine, crutches and apparatus as may be necessary, during sixty days after the injury, or for such time in excess thereof as in the judgment of the commisssion may be required. If the employer fails to provide the same, the injured employe may do so at the expense of the employer. The employe shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so. All fees and other charges for such treatment and services shall be subject to regulation by the commission as provided in section 14 of this article, and shall be limited to such charges as prevail in the same community for similar treatment of an injured person of a like standard of living, and such charges shall not exceed the sum of one hundred ($100.00) dollars, unless approved by the commission; the commission shall have authority to order a change of physicians when in its judgment such change is desirable, or necessary; provided, the employer shall not be liable to make any of the payments provided for in this section, in case of a contest of liability where the commission shall decide that the injury does not come within the terms of this act."

"Section 14. If the commission or the court before which any proceedings for compensation or concerning an award of compensation have been brought, under this act, determine that such proceedings have not been so brought on reasonable grounds, it shall assess the whole cost of the proceedings on the party who has so brought them. Claim for legal services in connection with any claim arising under this act, and claims for services or treatment rendered or supplies furnished pursuant. to section 4, of article 2 of this act, shall not be enforceable unless approved by the commission. If so approved such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the commission."

These provisions of the act were recently construed by this court in the case of Okmulgee Democrat Publishing Company v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249, where, in an opinion by Kane, J., in the third paragraph of the syllabus, it is stated as follows:

"Record examined, and held: (1) That the commission was warranted in excusing the claimant from giving notice in strict compliance with the requirements of section 8, art. 2, c. 246, of the Workmen's Compensation Act. (2) That for failure to comply with the positive provisions of section 4, art. 2, c. 246, the claimant is not entitled to recover for medical, surgical, or other attendance or treatment."

The above case was followed and approved later by this court in the case of St. Louis Smelting & Refining Co. et al. v. State Industrial Commission et al., 86 Okla. 216, 207 Pac. 734. This rule seems to be well established by the states having the same or similar provisions to the statutes quoted, supra. In the case of Noer v. G. W. Jones Lumber Co., decided January 13, 1920, 175 N. W. 784, the Supreme Court of Wisconsin, construing the Workmen's Compensation Law of that state, which is similar to our statute, in the syllabus stated as follows:

"A physician's right to resort to the courts to enforce by action his claim against an employer for whom the physician has performed services in caring for an injured employe at the employer's request is not affected by Workmen's Compensation Act, sec. 15, subd. 2, giving the Industrial Commission exclusive jurisdiction to pass upon the reasonableness of medical bills of the employe, the statute applying only in cases when such issue is between employer and employe."

In the opinion the court says:

"All except employers and employes are strangers to the act, and their usual lawful rights and remedies are unaffected by it. True, it is made the duty of the employer to provide certain medical attention to its employes, but the act does not provide that he who renders such medical services at the request of the employer must submit the reasonableness of his charges in that behalf to the Industrial Commission for its approval and allowance. The physician rendering such services is no more deprived of his right to resort to the courts for the establishment and collection of his claim, than though the services had been rendered to the employer personally. * * *

"Subdivision 2 of section 2394-15, which provides that the Industrial Commission shall have jurisdiction to pass upon the reasonableness of medical and hospital bills in all cases of dispute where compensation is paid in the same manner and to the same effect as it passed upon compensation, con-

rers upon the Industrial Commission authority to pass upon and to determine the amount which the employer shall pay the employe where the employer has failed in his duty to provide proper medical attention, and which was provided by the employe himself, as was the case in Milwaukee v. Miller, 154 Wis. 652, 144 N. W. 188, L. R. A. 1916 A. 1, Ann. Cas. 1915B, 847.''

The Supreme Court of Indiana, in the case of National Car Coupler Co. v. Sullivan, 126 N. E. 495, stated in the syllabus as follows:

"Workmen's Compensation Act of 1915, section 65, providing that fees of attorneys and physicians shall be subject to the approval of the Industrial Board, is not intended to enlarge the authority of the board with reference to approval of physician's fee beyond that provided in section 25, in case of an emergency caused by the employer's failure to provide medical care, and the board has no jurisdiction to pass upon fees of the physician employed by the employer.'' Semmen v. Butterick Publishing Co., 166 N. Y. Supp. 993; Feldstein v. Buick Motor Co., 187 N. Y. Supp. 417.

Under the provisions of the Workmen's Compensation Law, supra, the employer becomes liable for medical fees in one of two ways: (1) By contract, either expressed or implied, with the physician; (2) by the physician treating the injured employe when called under an emergency caused by the employer's failure to provide medical aid. In the latter event the law makes the employer liable, in the former he is liable under his contract; and where he voluntarily contracts, he may protect himself against excessive charges. But in the latter case, where the liability is imposed by law, he has no such opportunity, and, therefore, the law makes the physician in such case subject to the approval of the Industrial Commission; and in such case the commission awards the injured party, as a part of his compensation, pay for the medical services for which he has become liable. But where the employer voluntarily furnishes medical services, it is a matter of contract solely between the employer and the physician, and the Industrial Commission has no jurisdiction of such matter. But where controversy arises, the parties are relegated to the courts for an adjudication of the matter.

We are clearly of the opinion that the Industrial Commission was without jurisdiction, and the award is reversed, and the cause remanded, with direction to dismiss the claims.

McNEILL, ELTING, KENNAMER, and NICHOLSON, JJ., concur.