## INTEGRITY MUTUAL CASUALTY CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12419—Opinion Filed Sept. 26, 1922.

(Syllabus.)

### Master and Servant—Workmen's Compensation—Jurisdiction—Enforcing Claim of Physician.

It is only the provisions of the Workmen's Compensation Law (chapter 14, Sess. Laws 1919) which the State Industrial Commission has jurisdiction to enforce. It has not the power to allow or enforce a claim of a physician for services rendered an injured employe, under contract either express or implied, between the employer and physician. If the employer refuses to pay for medical services rendered, at his request, the physician has his remedy by appropriate action in the proper court.

Original Proceeding in Supreme Court to Vacate an Award of the State Industrial Commission.

Petition filed by Integrity Mutual Casualty Company and Goodwill Oil Company, corporations, against T. B. Hinson and State Industrial Commission. Reversed and remanded, with directions.

Twyford & Smith and John P. Hampton, (Samuel A. Harper, of counsel) for petitioners.

Geo. F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

Phil W. Davis, amicus curiae.

NICHOLSON, J. This is an action brought to review an order of the State Industrial Commission, by which petitioners were ordered to pay to T. B. Hinson the sum of $600 for medical services rendered one Smith Hivey, who was injured while in the employment of the Goodwill Oil Company.

On the 6th day of January, 1921, the commission made an award by which Smith Hivey was awarded compensation at the rate of $17.31 per week during his temporary total disability, and the sum of $850 medical services, the sum of $335.58, hospital services, and the sum of $358.62, nursing services. These awards were duly paid. On June 3, 1921, the commission, upon the application of T. B. Hinson, made an order di-

recting the Goodwill Oil Company, the employer, and the Integrity Mutual Casualty Company, the insurance carrier, to pay to him the sum of $600 additional for medical services, this additional expense having been incurred under circumstances substantially as follows: Hivley's injuries were such that it was necessary to operate upon the brain in order to restore him to consciousness. Doctor Hinson, the attending physician, did not feel capable of performing this operation and suggested to Mr. Clinesmith, the president and general manager of the Goodwill Oil Company, that Doctor Percy, a specialist of Chicago, be employed to perform the operation. Clinesmith agreed to this, and accordingly Doctor Percy was employed. The Integrity Mutual Casualty Company, upon being informed of such employment, objected thereto and stated to Doctor Hinson that it would not pay for such services; thereupon Hinson replied that he would pay therefor himself. The insurance carrier tendered the services of a Doctor Von Wedel, which were refused. The award made was to reimburse Doctor Hinson for money paid by him to Doctor Percy.

It will be necessary to consider only the question of the jurisdiction of the commission to make the order complained of.

By the provisions of section 4, of the Workmen's Compensation Act (chapter 14, Sess. Laws 1919), it is made the duty of the employer to properly provide for an injured employe such medical services or other attendance or treatment, nurse and hospital services, medicine, crutches and apparatus as may be necessary. If the employer fails to provide the same, the injured employe may do so at the expense of the employer, but the employe shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same, and the employer has failed or refused to do so. All fees and other charges for such treatment and services shall be subject to regulation by the commission. By the provision of section 14 of said act, claims for services or treatment rendered or supplies furnished pursuant to section 4, supra, shall not be enforceable unless approved by the commission. If so approved, such claims shall become a lien upon the compensation awarded and shall be paid therefrom in the manner fixed by the commission.

Under the foregoing provisions, if the employer furnishes medical services, he becomes liable to the physician upon contract. If he neglects or refuses to furnish such services after having been requested to do so, the injured employe may procure such services at the expense of the employer, and the employer becomes liable therefor under the act, and the fees and charges for such services are subject to regulation by the commission. It is only the provisions of the law that the commission has jurisdiction to enforce. It is without power to enforce a contract between the employer and the physician employed by him. Associated Employers' Reciprocal v. State Industrial Commission, 87 Okla. 16, 208 Pac. 798; Feldstein v. Buick Motor Company, 187 N. Y. Supp. 417; Hull v. U. S. Fidelity & Guaranty Co. of Baltimore (Neb.) 166 N. W. 628; Beach v. Gendler (Minn.) 182 N. W. 607; Noer v. G. W. Jones Lumber Co. (Wis.), 175 N. W. 784; National Car Coupler Co. v. Sullivan (Ind.) 126 N. E. 494.

Had the employer refused or neglected to furnish medical services after having been requested to do so by the injured employe, or under the circumstances surrounding this case by someone for him, then the employe, or someone for him, might have procured such services and the expenses thereof should have been included in the award to the employe, if approved by the commission, and the claim of the physician therefor would become a lien upon the compensation awarded, and should be paid therefrom in the manner fixed by the commission. But the record discloses that the employer did not neglect or refuse to furnish medical services, but, to the contrary, did everything possible to furnish the best surgical skill obtainable, and requested Doctor Hinson to procure the services of a specialist, Doctor Percy, to perform the needed operation. Obviously, this created a contractual relation between the physician and the employer, and if the employer refused to pay for the services furnished, the physician had his remedy by appropriate action in the proper court.

We conclude that the Industrial Commission was without jurisdiction to make the order complained of. Therefore, the award is reversed, and the cause remanded, with directions to dismiss the claim.

HARRISON, C. J., and JOHNSON. McNEILL, and KENNAMER, JJ., concur. KANE, J., dissenting.