**WESTERN INDEMNITY CO. v. STATE INDUSTRIAL COMMISSION.**

No. 13107—Opinion Filed Dec. 19, 1922.

(Syllabus.)

**Master and Servant—Workmen's Compensation—Powers of Industrial Commission as to Medical and Hospital Service.**

The Industrial Commission of this state is without jurisdiction to hear and determine claims for the reasonableness or the unreasonableness thereof for medical or hospital services when the same are based upon contract between the employer and physician or the hospital furnishing services to an injured employe, who was entitled to compensation for his injury under the provisions of the Workmen's Compensation Law of this state. (Following case of Associated Employers' Reciprocal v. State Industrial Commission et al., 87 Okla. 16, 208 Pac. 798.)

Error from the State Industrial Commission.

Action by the Western Indemnity Company to reverse an order of Industrial Commission requiring payment of certain claims for medical and hospital service rendered an injured employee. Reversed and remanded, with directions.

Jas. C. Cheek, for petitioner.

Geo. F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

COCHRAN, J., On February 10, 1920, Thomas B. Irick was employed by the Bradford Rig & Reel Company and sustained an injury which entitled him to compensation under the provisions of the Workmen's Compensation Law of Oklahoma. On March 29, 1920, the Industrial Commission made an award and ordered the Bradford Rig & Reel Company or the Western Indemnity Company, its insurance carrier, to pay the amount of the award and also—

"All medical expenses as may be necessary as the result of said injury during 60 days after the injury or for such time in excess thereof as in the judgment of the commission may be required; such charges shall not exceed the sum of $100 unless approved by the commission."

When the claimant employe was injured, the employer directed him to a physician, Dr. S. Murray, and placed claimant in the Municipal Hospital. The medical bill incurred was $135, and the hospital bill $232.80. The Bradford Rig & Reel Company paid the hospital bill of $232.80. The physician's bill has not been paid. The Western Indemnity Company paid to the Bradford Rig & Reel Company, on these amounts, the sum of $100.

On January 31, 1922, the review was had of the medical bill and hospital bill by the Industrial Commission, and the commission made finding that the claims of Dr. S. Murray and the Municipal Hospital were reasonable charges, and ordered the Bradford Rig & Reel Company or the Western Indemnity Company to pay to Dr. S. Murray the sum of $135, and that the Western Indemnity Company reimburse the Bradford Rig & Reel Company in the sum of $132, that being the balance of the hospital bill after crediting the insurance company with the $100 theretofore paid.

This court in the case of Associated Employers' Reciprocal v. State Industrial Commission et al., No. 12603, 87 Okla. 16, 208 Pac. 798, held that the Industrial Commission is without jurisdiction to hear and determine claims of this character.

The award of the commision is reversed and remanded, with direction to dismiss the claim.

HARRISON, C. J., and MILLER, KENNAMER, and NICHOLSON, JJ., concur.