## DALLAS COMPANY et al. v. NOURSE et al.

No. 15505—Opinion Filed March 17, 1925.

### Workman's Compensation Law—State Industrial Commission—Jurisdiction—Medical Expense.

In cases arising under the Workmen's Compensation Law prior to the 1923 amendment (S. L. 1923, c. 61), the jurisdiction of the Industrial Commission is limited by the terms of the act in its determination. of the reasonableness and amount of medical, nurse, and hospital bills, and where such services have been furnished by the employer, the Commission is without jurisdiction to determine the amount thereof and to enforce liability therefor. The application of this rule is not changed by the fact that a relative of claimant has made voluntary payment and seeks reimbursement.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

This is an original proceeding brought in this court to review an award of the State Industrial Commission entered May 31, 1924. Award vacated.

In 1922, Tullie Nourse was employed by the Dallas Company on its oil and gas lease in Creek county, and on June 14 of that year was accidentally injured in the course of his employment. The Dallas Company, through its lease superintendent, immediately furnished medical attention and the injured claimant was later removed to the Oklahoma Hospital at Tulsa, where he remained under treatment for a period of 30 days. Thereafter Tullie Ames Nourse filed his claim for compensation with the State Industrial Commission and a hearing was had November 21, 1923, resulting in findings by the Commission favorable to the claimant, and an order was thereafter entered January 29, 1924, awarding him compensation at the rate of $15.87 per week until termination of disability or until otherwise ordered by the Commission.

This award has been paid. Thereafter, on March 5, 1924, the Commission held another hearing for the purpose of determining the amount and reasonableness of the medical, nurse, and hospital bills, and to fix liability therefor, and after such hearing, and on May 31, 1924, entered its order determining that the medical, nurse, and hospital bills in the sum of $1,651.60 were reasonable, and fixing liability therefor upon the petitioners, the Dallas Company and the Integrity Mutual Casualty Company. It is to review this last order by the Commission that the instant proceeding is brought.

Twyford & Smith (Leo G. Mann and Samuel A. Harper, of counsel), for petitioners.

Geo. F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by LOGSDON, C. Petitioners assign six grounds for the vacation of this award, but all of these are embraced under two propositions in the brief, the first of which reads:

"The State Industrial Commission was entirely without jurisdiction and its award is a nullity."

In the argument under this proposition it is contended that the Dallas Company, through its lease superintendent, having furnished the medical attention and hospital service and the action of said lease superintendent having been ratified by the general manager of the Dallas Company, no situation arose whereby the Industrial Commission was vested with jurisdiction to determine the amount and reasonableness of these bills nor to fix liability therefor. In the brief of the Attorney General the following language occurs:

"The facts of this case occurred under the old compensation act prior to its amendment. The rules of this court heretofore laid down touching a particular question of this kind are, therefore, applicable. Of course under the amended act there are prescribed conditions that must be precedent to the enforcement of the payment of medical bills. The court's ruling on the question of the enforced payment of medical bills is entirely clear and beyond question as to meaning. Where there is an express or implied contract between the employer and the physician, or the nurse, as the case may be, the Industrial Commission under the old statute, could not enforce the same."

That this statement of the Attorney General is correct as to the holdings of this court upon the question here involved

there can be no question. Beginning with the case of Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 87 Okla. 16, 208 Pac. 798, this court has consistently held that under the compensation law of this state as it existed prior to the 1923 amendment the Industrial Commission is without jurisdiction to pass on and determine liability for medical and hospital bills where the same have been furnished by the employer as contemplated by the law. In the case above cited the first paragraph of the syllabus reads:

"The Industrial Commission of this state is without jurisdiction to hear and determine disputed claims, or the reasonableness or unreasonableness thereof, for medical or hospital services, where the same are based upon contract express or implied between the employer and a physician who furnished the services to an injured employe who was entitled to compensation for his injuries under the provisions of the Workmen's Compensation Law of this state."

This case has been followed and the rule therein stated reannounced in the case of Integrity Mutual Casualty Co. et al. v. State Industrial Commission et al., 87 Okla 92, 209 Pac. 653, wherein it is stated in the syllabus:

"It is only the provisions of the Workmen's Compensation Law (ch. 14, S. L. 1919) which the State Industrial Commission has jurisdiction to enforce. It has not the power to allow or enforce a claim of a physician for services rendered an injured employe, under contract either express or implied, between the employer and physician. If the employer refuses to pay for medical services rendered, at his request, the physician has his remedy by appropriate action in the proper court."

Other cases following the rule thus announced are: Western Indemnity Co. v. State Industrial Commission, 88 Okla. 53, 211 Pac. 423; Whitehead Coal Mining Co. v. State Industrial Commission, 89 Okla. 24, 213 Pac. 838.

It is true that in the instant case the stepfather of the injured employe has voluntarily paid the greater portion of these medical, nurse, and hospital bills. But this does not change the rule of law applicable to the facts, nor does it invest the Industrial Commission with jurisdiction to determine and enforce liability therefor.

It is, therefore, concluded that the order and award of the Industrial Commission entered May 31, 1924, was in excess of and beyond the jurisdiction of the

State Industrial Commission, and that the same should be vacated, set aside, and held for naught.

By the Court: It is so ordered.

Note.—See under (1) C. J.—Cyc. Workmen's Compensation Acts. p. 101. sec. 97; anno. 5 A. L. R. p. 345. 12 R. C. L. p. 822; 3 R. C. L. Supp. p. 1599.