MAYME CURTIN, RESPONDENT, v. ZERBST PHARMACAL ET AL., APPELLANTS.—72 S. W. (2d) 152.

Kansas City Court of Appeals.   April 30, 1934.

*Mytton, Parkinson & Norris* for respondent.

*Culver & Phillip* for appellant.

SHAIN, P. J.—The case at bar involves the question of allowance of compensation, medical and hospital expenses made by the Workmen's Compensation Commission of Missouri.

Mayme Curtin, respondent, was injured in the course of employment while employed by Zerbst Pharmacal Company, a corporation, one of the appellants herein. The United States Fidelity & Guaranty Company, a corporation, the other appellant herein, is the insurer.

All necessary facts giving jurisdiction to the Workmen's Compensation Commission stand admitted. There appears to be no question raised as to the liability of both appellants.

A hearing was duly had before the commission and a rehearing is also shown. The commission made a final award allowing the respondent compensation at the rate of $10.67 per week for forty-six weeks, and for medical aid the sum of $676.53 was awarded respondent.

Employer and insurance company appealed to the Circuit Court of Buchanan County, Missouri. The Circuit Court of Buchanan County upheld the award as made by the Workmen's Compensation Commission and the employer and insurance company have appealed.

The appellants make no point in their brief touching the award of $10.67 per week for forty-six weeks. The assignments of error are all directed to the allowance of award of $676.53 for medical aid.

The appellants make three assignments of error, as follows:

I. "There is no evidence to sustain the finding of the commission that the employer knew that medical, surgical or hospital treatment was given to the employee after the expiration of sixty days from the date of the injury, or that the amount of such services exceeded the statutory limit of $250, and consequently there was no evidence of a waiver of the limitation of liability created by Section 3311, Revised Statutes of Missouri 1929.

II. "Even if the employer could waive the provisions of Section 3311, Revised Statutes of Missouri 1929, the employer could not, without the knowledge or consent of the insurer, waive the provisions of the statute so as to bind the insurer.

III. "The award made by the commission could have been made and was made only by the exercise of judicial power, and if Section

3311, Revised Statutes of Missouri 1929, confers such power upon the Workmen's Compensation Commission, the act is violative of Section 1, Article XIV of the Amendments to the Constitution of the United States.''

The third assignment has been held by the Supreme Court to involve but the construction of the section of the statute and not the question of the constitutionality thereof.

### OPINION.

Construction of paragraphs (a) and (c) of Section 3311, of the Workmen's Compensation Act are particularly involved. The paragraphs read, as follows:

''(a) In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first sixty days after the injury or disability, to cure and relieve from the effects of the injury, not exceeding in amount the sum of two hundred and fifty dollars, and thereafter such additional similar treatment within one year from the date of the injury as the commission by special order may determine to be necessary. If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirement at his own expense. Where such requirements are furnished by a public hospital or other institution, payment therefor shall be made to the proper authorities.

''(c) All fees and charges under this section shall be fair and reasonable, shall be subject to regulation by the commission, and shall be limited to such as are fair and reasonable for similar treatment of injured persons of a like standard of living. The commission shall also have jurisdiction to hear and determine all disputes as to such charges.''

The logical sequence will be best observed by first giving consideration of the appellants' third point.

The jurisdiction of the Workmen's Compensation Commission is confined to the expressed powers delegated by the express provisions of the Workmen's Compensation Act. The jurisdiction of the subject matter is limited to compensation for injury and expenses for ''medical, surgical, hospital treatment and medicines,'' all as defined, provided and limited by the provisions of the act. The jurisdiction of persons is limited by the act to employer, insurer and employee. In the award of compensation, the commission is limited in computation by the provisions of the act and, section 3311 of the act limits and defines as to the amount of award that may be made for medical aid for the first sixty days, and for further medical aid for a period of one year from the date of the injury, the latter to be furnished upon special order of the commission and limited to no fixed amount.

We conclude that as the amount of allowance for the first sixty days is fixed by the statute; as the commission in hearing and determining all disputes touching the charges for the first sixty days is confined to an amount not exceeding two hundred and fifty dollars; and as the commission's jurisdiction is thus limited, it follows that no application of the doctrine of estoppel can work to extend the jurisdiction to make an award for the first sixty days in excess of the amount fixed by the statute. However, as the commission has the power under the statute to hear and determine, without limitation as to amount for medical aid after the sixty days' period, the doctrine of waiver does apply as to the provision for a special order being made before such services are rendered. In other words, the act of the employee upon his own initiative contracting for medical aid for the first sixty days creates an obligation between the employer and employee which the employee can enforce and have adjudicated by the commission up to and inclusive of the amount which the law says same shall not exceed. We conclude, however, that for any amount in excess of two hundred and fifty dollars for the first sixty days, the one furnishing the aid to be given by the employer in excess does so under a direct contract and that the issue as to such excess not being a matter involving an issue between the employer and employee does not come within the scope of jurisdiction of the commission. To interpret the statute otherwise would bring the statute in conflict with Section I, Article XIV, of the amendments to the Constitution of the United States. When such a situation is presented it is, of course, our duty to give construction that brings the statute within constitutional limitations.

We find no Missouri decisions construing Section 3311, Revised Statutes of Missouri 1929, in respect to the question as presented in this case. However, as a matter of first impression, we conclude, the section must be so construed, for the reason the commission only has authority to enforce the contract which is created by the statute and any debt contracted by the employer, if so, in excess of the two hundred and fifty dollars for the first sixty days is a contract solely between the employer and the one rendering the medical services and cannot be enforced in this action.

We are supported in our conclusions above by many courts of other states having commissions similar to our Workmen's Compensation Commission.

In Oklahoma the right to award by the industrial commission is limited to the express provisions of the act. [Integrity Mutual Casualty Co. et al. v. State Industrial Commission, 209 Pac. 653.]

In Indiana it is held that the authority of the industrial board to approve medical fees does not extend beyond that provided in the act. [National Car Coupler Co. et al. v. Sullivan, 126 N. E. 494.]

Similar rulings are shown in reports of New York, Minnesota, Wisconsin and other states which for the purposes of this case, we conclude it is not necessary to cite and discuss.

As the statute presents a provision for additional treatment after the expiration of sixty days, it follows under the provisions of the act that jurisdiction is conferred upon the commission to determine as to same. As to such additional treatment for the one year period, we conclude, that as the commission is clothed with jurisdiction to hear and determine as to same, the doctrine of waiver applies to the provision for special order. In other words, we conclude that the commission, in finally determining upon the allowance, can take into consideration the acts and conduct of the employee touching the services rendered and if it can be fairly inferred from the facts and circumstances in evidence that the employer has waived the condition then the finding of fact by the commission becomes conclusive.

A case, wherein the question of responsibility for services after the term of sixty days, was decided by the St. Louis Court of Appeals, Johnson v. Kruckemeyer et al., 29 S. W. (2d) 730. In the above case the question of waiver was presented. The court, therein, while holding that the facts as presented did not show waiver, still, did recognize the doctrine as applicable when justified by the facts and the cause was remanded with the suggestion that upon a rehearing there might be supplied facts justifying the application of the doctrine.

We conclude there is sufficient showing in the case at bar to justify a finding by the commission of waiver as applicable to the services after the expiration of sixty days. However, as before stated and for the reasons stated, no waiver can be indulged to allow more than two hundred and fifty dollars for the first sixty days.

Appellants present that waiver by employer cannot constitute waiver by the insurance company. On this point our conclusion is against the appellants and we concur in the conclusion stated by the St. Louis Court of Appeals in Johnson v. Kruckemeyer, supra, wherein the court, at l. c. 735 of the opinion, said:

"It is the entire liability of the employer under the act which the policy is required to cover, however such liability may be held to attach, and if the employer alone may be permitted to waive a given provision of the act, then the insurer is liable in the manner and to the extent provided by the act, regardless of whether it, as a separate and distinct entity, participated in the waiver."

As we are holding with appellants on point one, as to the limitation for services for the first sixty days, further comment becomes unnecessary as to that point.

In accordance with our conclusions as stated above and as it stands admitted that the charges for the first sixty days exceeds two hundred

and fifty dollars, the judgment is reversed and the cause remanded to the circuit court with direction to the circuit court to remand the case to the commission for further proceedings not inconsistent with the views as herein expressed. All concur.