Thomas F. **HUNT,** Employee,

v.

**LACLEDE GAS COMPANY,** Employer.

No. 62687.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 28, 1993.

---

Michael J. McAvoy, Fenton, for appellant.

Richard P. Bumb, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

This is an appeal of an order from the Labor and Industrial Relations Commission (Commission) affirming the award of attorney's fees in a workers' compensation action.

On April 10, 1987, Thomas Hunt was injured while working for Laclede Gas Company. In a conversation with his old acquaintance Michael McAvoy, Hunt hired the law firm of McAvoy and Bumb, P.C., to represent him in the prosecution of his workers' compensation claim. At that time, McAvoy and Richard Bumb, as the only shareholders, each owned 500 shares of stock in the firm and were the only professional corporate employees. Because he had previously decided not to handle any more workers' compensation cases, McAvoy turned the Hunt file over to Bumb and asked him to handle Hunt's claim. In December 1988, Bumb contacted Hunt, and on January 4, 1989, Bumb entered an appearance on Hunt's behalf with the Division of Workers' Compensation (Division) signing "McAvoy and Bumb, P.C. by Richard Bumb."

In late 1989, McAvoy and Bumb's professional relationship began deteriorating. McAvoy charges that in December an accounting was made and he paid Bumb $61,218.24 and executed a release of Bumb as guarantor on the firm's behalf of a $19,000 line of credit with Mark Twain Bank. McAvoy contends the payment and release were given in exchange for Bumb's withdrawal from the corporation, transfer of his stock shares to McAvoy, and to compensate Bumb for his share in outstanding attorney's fees.

Bumb, on the other hand, claims that in November 1989, McAvoy unilaterally segregated his cases and fees from Bumb's and in January 1990 they physically separated and established independent practices. He further alleges the payment and release were in satisfaction for specific fee interests unrelated to his work on Hunt's claim. Bumb also alleges that he repeatedly attempted to resolve his dispute with McAvoy, that no accounting of the corporate assets was ever made, that the corporation was never formally dissolved, and that he never withdrew from the corporation and thus remains a fifty-percent shareholder. Bumb never conveyed his stock to McAvoy.

In February 1990, Bumb notified Hunt of his intention to continue to represent Hunt. Hunt denied Bumb's request and returned his file to McAvoy. In March, the State approved McAvoy's amendment of the articles of incorporation of McAvoy and Bumb, P.C., which changed the corporate name to Michael J. McAvoy, P.C. McAvoy then gave Hunt's file to John Allan, an employee of the new law firm, to proceed with the prosecution of Hunt's claim.

On March 29, 1990, Bumb filed a memorandum withdrawing as attorney for Hunt. However, alleging that he spent six to seven hours working on Hunt's claim and that he negotiated a $5,000 settlement proposal for Hunt from Laclede Gas, Bumb asserted in the memorandum his personal notice of a lien for $1,460—or 25 percent of the outstanding settlement offer plus a $210 deposition fee—against the proceeds of any future recovery in Hunt's favor.

On February 28, 1991, Hunt settled his claim with Laclede Gas Company before the Division for $5,000 subject to an attorney's fee of twenty percent of the award. Bumb then appeared before the Division and asserted his lien against the proceeds of Hunt's recovery. On October 4, 1991, after an informal non-evidentiary hearing, an administrative law judge divided the attorney's fees and awarded Bumb $835 and McAvoy $625. He also ordered Bumb to pay a $210 medical deposition expense. McAvoy then applied for review of the administrative law judge's order. The Commission remanded the matter for an evidentiary hearing which was conducted May 15, 1992. Thereafter, the Commission affirmed the October 4, 1991, order dividing the attorney's fee. McAvoy appeals. We reverse and remand for the limited purpose of determining the appropriate amount of the attorney's fee.

On appeal, McAvoy challenges the jurisdiction of the Commission to order a division of the attorney's fee between competing attorneys. Section 287.260.1, RSMo.1986 provides in pertinent part:

> [T]he division or the commission may allow as lien on the compensation, reasonable attorney's fees for services in connection with the proceedings for compensation if the services are found to be necessary and may order the amount thereof paid to the attorney in a lump sum or in installments. All attorney's fees for services in connection with this chapter shall be subject to regulation by the division or the commission and shall be limited to such charges as are fair and reasonable and the division or the commission shall have jurisdiction to hear and determine all disputes concerning the same.

There are three issues presented to us which must be examined in the light of the authority over attorney's fees which § 287.-260.1 grants to the Commission: (1) the effect of Bumb's assertion of an attorney's lien; (2) the award of an attorney's fee; (3) the division of the attorney's fees between Bumb and McAvoy.

### I.

■ The purported assertion of a personal attorney's lien by Bumb was a nullity. He was never retained by Mr. Hunt and therefore could not claim entitlement to an attorney's lien on the basis of a written contract. He also cannot claim such an entitlement by virtue of an implied contract, or quantum meruit, because whatever services he rendered were as an employee of the professional corporation. "[T]here can be no lien in favor of the attorney unless there be a contract debt due him from the client." *State ex rel. Massman Construction Co. v. Buzard,* 346 Mo. 1162, 145 S.W.2d 355, 357 (1940), quoting *Mills v. Metropolitan Street Railway Company,* 282 Mo. 118, 221 S.W. 1, 5 (1920). In *Massman,* a client retained a law firm on a contingency fee basis to handle a personal injury claim. The case was assigned to a lawyer-employee of the firm who tried the case and successfully upheld a judgment in the client's favor upon appeal. The lawyer-employee attempted to assert a personal attorney's lien upon the client's judgment. The Supreme Court held he was not entitled to an attorney's lien. The lawyer-employee had not contracted with the client, and there could be no expectation by either that the client would pay the lawyer-employee the reasonable value of his services. Rather, the contract to pay a fee was with the law firm, and the expectation was that the fee would be paid to the firm which, in turn, would compensate the employee pursuant to whatever arrangement existed between them. Because the lawyer-employee possessed no right of action against the client, he was not entitled to a lien on the judgment. *Id.,* 145 S.W.2d at 358.

The same situation exists here. Bumb has no contract with Hunt. He undertook to represent a client of McAvoy & Bumb, P.C.

He entered his appearance not as an individual lawyer but as an agent of a disclosed principal, the professional corporation, and only as such an agent did he render services to Hunt. Bumb's claim of an attorney's lien upon Hunt's compensation award fails for lack of supporting foundation.

## II.

Pursuant to § 287.260.1, all attorney's fees for services in a worker's compensation case are subject to regulation by the Division or the Commission. The limited record presented to us on this appeal indicates that at the time of the approval of the settlement of Hunt's claim the administrative law judge awarded an attorney's fee of $1,000—twenty percent of the $5,000 settlement. When the dispute between Bumb and McAvoy was presented to a different administrative law judge, he awarded attorney's fees totaling $1,250 plus $210 in expenses. Obviously this discrepancy between the two awards of attorney's fees must be resolved. If, as the record before us indicates, it was agreed at the time of the settlement by Hunt and McAvoy, through his employee, that the attorney's fee was to be twenty percent of the $5,000 settlement, that agreement should be honored. *See, Page v. Green,* 758 S.W.2d 173, 175 (Mo.App.1988). If the amount of the fee is in dispute, that dispute should be resolved in favor of the client. *Id.*

For the limited purpose of resolving this discrepancy, we are constrained to remand this case to the Labor and Industrial Relations Commission.

## III.

The award of the Commission dividing the attorney's fees between Bumb and McAvoy must be reversed.

Bumb and McAvoy both claimed to be entitled to the entire attorney's fee. The Solomon-like division of the fee was not requested by either. A number of factual issues are in dispute. The lawyers disagree about the termination of the professional corporation, McAvoy & Bumb, P.C. They disagree about the purpose and effect of McAvoy's payment of $61,281.24 to Bumb. The evidence regarding the time at which the $5,000 settlement offer was made and communicated to the client is also in dispute. As noted above, the amount of the attorney's fee and the responsibility for payment of expenses are subject to conflicting contentions. Nothing in the administrative law judge's award or the Commission's award resolve any of these disputes.

Neither the administrative law judge's award nor the Commission's award contain findings of facts or conclusions of law on the matters in dispute as required by § 286.090 RSMo.1986. Judicial review is therefore impossible.

Moreover, the Commission is an administrative agency created by statute and limited in its jurisdiction by the terms of the statute. *Liechty v. Kansas City Bridge Co.,* 162 S.W.2d 275, 279 (Mo.1942); *Sheen v. Dibella,* 395 S.W.2d 296, 302 (Mo.App.1965); *Curtin v. Zerbst Pharmacal Co.,* 229 Mo. App. 82, 72 S.W.2d 152, 154 (1934). It is not a court of general jurisdiction.

Section 287.260.1 authorizes the Commission to determine that the attorney's fees charged are "fair and reasonable" and to "hear and determine all disputes concerning the same." We do not believe this legislative authorization can be construed as vesting the Commission with judicial power to decide complex legal issues pertaining to professional corporations and the dissolution thereof. Rather, the statute authorizes the Commission to resolve disputes concerning the fairness and the reasonableness of the fees charged, nothing more. To hold otherwise would raise questions regarding separation of powers and the unconstitutional delegation of judicial authority. The quasi-judicial power conferred upon an executive agency is limited to the ascertainment of facts and the application of existing law in order to resolve issues within the given area of agency expertise. *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 75 (Mo.banc 1982). The Constitution does not permit the legislature to vest an administrative agency with purely judicial functions. *Id.* Accordingly, the Commission exceeded it jurisdiction by attempting to resolve the dispute between the shareholders of the pro-

fessional corporation. Such issues should be addressed in a court of general jurisdiction.

The award of the Labor and Industrial Relations Commission is reversed and the cause is remanded to the Commission for further proceedings not inconsistent with this opinion.

GRIMM, P.J., and AHRENS, J., concur.