Zdzislaw M. KUCZWARA,
Employee/Appellant,

v.

CONTINENTAL BAKING COMPANY,
et al., Employer/Self–
Insured/Respondent.

No. ED 75768.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 28, 1999.

Ray A. Gerritzen, St. Louis, for Appellant Acting pro se.

Herbert D. Price, St. Louis, for Respondent Acting pro se.

KENT E. KAROHL, Judge.

This is an appeal of an order from the Labor and Industrial Relations Commission (Commission) modifying the award of attorney's fees in a workers' compensation action. We reverse and remand.

There is evidence to support finding the following facts. Zdzislaw Kuczwara (claimant) was injured while working for Continental Baking Company (employer). Attorney Ray A. Gerritzen provided legal services to claimant from March 1994 to January 1996 on a twenty-five percent contingency fee basis. On January 5, 1996 claimant notified Gerritzen by letter "of termination of attorney representation and instructions to withdraw as [his] attorney in any and all claims and cases." A claim against employer and the Second Injury Fund (Fund) was pending. In response, Gerritzen sent a letter to claimant asserting an attorney's lien and his pay rate of $220 per hour. He informed claimant of the extensive hours worked and the likelihood that his attorney's fee would exceed any award received in the worker's compensation action. Thereafter, claimant employed attorney Herbert Price to replace Gerritzen.

On June 20, 1996 Price filed a "Withdrawal of Attorney, Herb Price, For Employee, Zdislaw Kuczwara." In his prayer for relief, Price requested to withdraw as attorney and file an attorney's lien for twenty-five percent of a $39,000 settlement he negotiated for claimant. Claimant did not accept the terms of the settlement. The same day, ALJ Dowd wrote "[s]o ordered" on Price's motion.

The hearing on the claim began November 5, 1996, and claimant appeared pro se. At trial, Gerritzen testified concerning his claim for an attorney fee lien. He offered into evidence various exhibits in support of his claim, including his original attorney lien letter and documentation regarding the legal services provided to claimant.

Price offered no evidence regarding his legal services rendered for the claimant or an attorney's lien. Price declined an invitation to prove up his attorney's fee, but cross-examined Gerritzen on the reasonableness of Gerritzen's attorney's fee.

On June 5, 1997 the ALJ entered his findings of fact and rulings of law finding that "[t]he compensation awarded to the claimant shall be subject to a lien in the amount of $5,674.02 of all payments hereunder in favor of the following attorney for necessary legal services rendered to the claimant and expenses incurred: Ray A. Gerritzen, Esq." The ALJ awarded Gerritzen a gross attorney's fee of $6500 plus expenses in the amount of $424.02. Subtracting a credit of $1250 for attorney's fees Gerritzen received from the Fund settlement, the ALJ awarded him a net fee of $5250 plus expenses. The ALJ noted that Price also received $1250 in attorney's fees from a settlement with the Fund and made no separate award of attorney's fees to Price.

The ALJ's findings specifically set forth that "Attorney Ray A. Gerritzen offered a listing of his legal services rendered to the claimant, a copy of the claimant's discharge of Mr. Gerritzen, and an exhibit list prepared by Mr. Gerritzen." Additionally, the ALJ found that claimant terminated Gerritzen's legal representation on January 8, 1996 in favor of Price. Neither attorney offered copies of claimant's signature on a contract for legal representation.

On February 3, 1998 a circuit court entered "judgment on order of Missouri Workers Compensation ALJ Dowd of June 20, 1996" that allowed Price to withdraw as claimant's attorney and assert a lien in the amount of twenty-five percent of the stipulation for settlement in the amount of $39,000. Gerritzen filed a motion requesting clarification of attorney's fees awarded to Price. Employer filed a similar motion requesting clarification. On March 6, 1998 the Commission ordered the following in pertinent part:

Employee's former attorney, Herb Price, has filed an Application for Review which also is entitled "Motion in Nature of Rule 20–2.030(2), to Present Evidence at a Hearing." Attorney Price seeks to submit evidence that he negotiated a settlement in the amount of approximately $40,000.00, for which an attorney fee was awarded to Mr. Price. His client declined the settlement and the case proceeded to trial with the claimant acting pro se. Mr. Price states that he received no notice or an opportunity to be heard regarding his attorney lien.

The record indicates that attorney Price had, at least, actual notice of the proceedings in this case as he was present at trial and cross examined attorney Ray Gerritzen regarding the reasonableness of his fees. Mr. Price was given an opportunity to present evidence regarding his attorney fee but he just was not prepared (Tr. 19, 49). *Nothing indicates that the evidence Mr. Price desires to present to the Commission is newly discovered or could not have been presented to the administrative law judge with due diligence. The Motion to Submit Additional Evidence is denied.*

The Motion to Clarify the Award of Attorneys Fees is stayed pending final disposition of the claimant's Application for Review on the merits.

(Emphasis added). On May 27, 1998 the Commission found:

Claimant did not raise the issue of attorney's fees in his Application for Review. We note, however that while both of claimant's previous attorneys asserted liens in the case, the award grants a fee only to Ray Gerritzen. We modify the award to also note the lien of attorney Herb Price. Having considered the record presented, we find an attorney's fee of 12.88% is warranted. Under *Hunt v. Laclede Gas Co.,* 869 S.W.2d 770, 773–

774 (Mo.App. E.D.1993), we have no authority to apportion fees among the attorneys.

Finally, on February 9, 1999 the Commission entered the following order:

On February 1, 1999, Attorney Ray A. Gerritzen filed a Motion to Reconsider and Adopt the Findings of Judge Kohner Regarding Attorney's Fees. On February 4, 1999, Attorney James G. Nowogrocki filed a Motion for Attorney Lien and Amendment of Final award. Mr. Gerritzen's Request for Reconsideration and Mr. Nowogrocki's motion are denied. On February 4, 1999, Attorney Herb Price filed a Motion to Overrule or Dismiss Mr. Gerritzen's Motion to Reconsider Attorney Fees. In light of our ruling on Mr. Gerritzen's Motion, Mr. Price's motion is denied as moot.

Gerritzen appeals the modification of the attorney's fee only[1]. In his sole point on appeal, Gerritzen argues that the Commission erred by finding that it did not have authority to determine the issue of attorney's fees and, thus, erred in reversing the ALJ's award of $5,674.02. He submits that: (1) section 287.260.1 RSMo 1994 and Missouri case law give exclusive power and authority to the Commission to award attorney's fees based on the record; and, (2) the Commission's reliance on *Hunt* is inapplicable and misplaced where that case involved a corporation's division of attorney's fees between its employees.

■ We will reverse the Commission's order regarding attorney's fees only if it is established, as a matter of law, that the award was "so inadequate and so unreasonable to constitute an abuse of discretion." *Faulkner v. St. Luke's Hosp.,* 903 S.W.2d 588, 594 (Mo.App. W.D.1995); *Sanderson v. Producers Comm'n Ass'n,* 241 S.W.2d 273, 275 (Mo.App.1951). We review the Commission's decisions on questions of law *de novo. Davis v. Re-*

---

1. As parties to the dispute on attorneys' fees, an attorney may properly appeal pursuant to section 287.495.1 RSMo Cum.Supp.1998.

*Page v. Green,* 758 S.W.2d 173, 174 (Mo.App. 1988). We note that no respondent's brief was filed.

search Medical Center, 903 S.W.2d 557, 560 (Mo.App. W.D.1995). We review factual issues to determine if there is substantial evidence to support the Commission's award or, in the alternative, whether the award is clearly contrary to the overwhelming weight of the evidence. *Cook v. Sunnen Products Corp.*, 937 S.W.2d 221, 224 (Mo.App. E.D.1996). We consider the evidence in the light most favorable to the Commission's findings to determine if the findings are supported. *Id.* at 226.

Section 287.260 provides in pertinent part:

> [I]f written notice is given to the division or the commission of the nature and extent thereof, the division or the commission may allow as lien on the compensation, reasonable attorney's fees for services in connection with the proceedings for compensation if the services are found to be necessary and may order the amount thereof paid to the attorney in a lump sum or in installments. All attorney's fees for services in connection with this chapter shall be subject to regulation by the division or the commission and shall be limited to such charges as are fair and reasonable and the division or the commission shall have jurisdiction to hear and determine all disputes concerning the same.

Section 287.260.1 RSMo 1994.

■ A claimant has the right to discharge any attorney subject to the attorneys' rights, under certain conditions, to be paid a fee. *Turpin v. Anderson*, 957 S.W.2d 421, 426 (Mo.App. W.D.1997); *International Materials Corp. v. Sun Corp.*, 824 S.W.2d 890, 894 (Mo.1992); *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53, 58 (Mo.1982). Contract recovery is not proper if the attorney fails to complete the terms of a contingent fee contract. Thus, "[o]nce termination of the lawyer-client relationship has occurred before completion of a contingent fee contract, the lawyers' only recovery could be in quantum meruit for benefits conferred."

*International Materials Corp.*, 824 S.W.2d at 895.

■ There must be evidence to support a finding that an attorney has conferred some benefit to his client. Section 287.260 provides "reasonable attorney's fees for services in connection with the proceedings for compensation *if the services are found to be necessary.*" Section 287. 260 RSMo 1994 (emphasis added). "The determination of a fair and reasonable fee involves a balancing of many interests. The fee certainly cannot be arbitrarily set and must be supported by evidence in the record regarding the necessity, reasonableness, and fairness of the fee." *Page*, 758 S.W.2d at 176 (further citation omitted).

■ The evidence before the ALJ and the Commission does not support an award to Price of attorney's fees beyond the fee based on the settlement with the Fund. The Commission found that both attorneys asserted liens in the case. It made no further findings on attorney's fees, but adopted "the findings and conclusions of the administrative law judge to the extent not inconsistent with the findings and conclusions set forth [in the Commission's final award]." The ALJ was able to specifically identify the amount of time Gerritzen spent on claimant's workers' compensation case based on his testimony and numerous exhibits, which the ALJ found "well documented" his legal services. The ALJ found the services necessary to file a claim, procure medical evidence and defend claimant from his creditors.

The record is void of any evidence of Price's legal services. The record before the ALJ and the Commission included only two documents from Price: (1) his motion to withdraw and assert an attorney's lien; and, (2) his brief filed with the Application for Review. Although ALJ Dowd sustained the motion, Price asserted a twenty-five percent lien on a $39,000 settlement offer, which claimant never accepted. The lawyer-client relationship was terminated before completion of the contingent fee

contract. The only recovery available to Price is in quantum meruit for benefits conferred. *International Materials Corp.*, 824 S.W.2d at 895. However, he offered no evidence of "benefits conferred" beyond the Fund settlement for which he already received attorney's fees.

Moreover, Price filed his Motion to Submit Additional Evidence after the trial before the ALJ, which the Commission denied stating that Price "just was not prepared [at trial]." It did not find that he sought to introduce "newly discovered" evidence or that such evidence "could not have been presented to the [ALJ] with due diligence." We agree. The record indicates that Price received actual notice of claimant's hearing as he was present and cross-examined Gerritzen on the reasonableness of Gerritzen's fees. Therefore, the Commission abused its discretion by arbitrarily modifying the award of attorney's fees to recognize Price's improper claim while not considering the necessity, reasonableness and fairness of such fee. Nothing in the record warrants a finding of Price's hourly fee, the number of hours he spent negotiating a settlement with employer, his contribution to a settlement, or his expenses.

The Commission awarded an attorney's fee of 12.88 percent of the settlement with employer. The fee does not exceed twenty-five percent of the award, which is the general limit in Missouri. *Page*, 758 S.W.2d at 176. Gerritzen does not appeal the percentage awarded. Presumably, the Commission's award is considered a reasonable and fair amount. Because Price offered no evidence, we do not reach the merits of the legal relationship or the Commission's authority to divide fees in "a contingent fee contract, between attorneys from different offices who represented a client where the client has, with court approval, dismissed one of the attorneys prior to obtaining a settlement." *Risjord v. Lewis*, 987 S.W.2d 403, 404 (Mo.App. W.D. 1999).

We reverse and remand with directions to enter a net fee on Kuczwara's claim against Continental Baking Company in favor of Gerritzen for $5250 (12.88% of $40,760.69) and reimbursement of expenses in the amount of $424.02. This award is in addition to a previous award of $1250 in fees from the Fund settlement. Thus, the gross amount of attorney's fees awarded to Gerritzen is $6500 plus expenses of $424.02.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.