**STANDARD PAVING CO. v. LEMMON et al.**

No. 17681. Opinion Filed Oct. 25, 1927.

Rehearing Denied Jan. 24, 1928.

(Syllabus)

1. **Master and Servant—Workmen's Compensation Law—Award to Physician Attending Injured Employee at Verbal Request of Employer.**

Under section 4, ch. 61, of the Session Laws of 1923, amending the Workmen's Compensation Act of the state of Oklahoma, if no written contract exists between a phy-

sician and the employer or insurance carrier, the Industrial Commission has jurisdiction to award and enforce charges due to a physician for services performed for an injured employee at the verbal request of the employer.

## 2. Same—Claim of Physician Subject to General Statutes of Limitation.

Where services are performed by a physician for an injured employee, which the Industrial Commission has jurisdiction to award and enforce, the physician is not barred by limitation of one year from the time the injury occurred in which to file his claim with the Industrial Commission; but in filing his claim he is governed by the general statutes of the state concerning limitation of actions.

Commissioners' Opinion, Division No. 1.

Error from State Industrial Commission.

From an order of the State Industrial Commission awarding Dr. W. G. Lemmon compensation, to be paid by the Standard Paving Company, paving company appeals. Affirmed.

Allen, Underwood & Smith, for petitioner.

Burford, Miley, Hoffman & Burford, for respondents.

FOSTER, C. This is an appeal from an order of the State Industrial Commission made on July 9, 1926, directing the petitioner, plaintiff in error, to pay to W. G. Lemmon, defendant in error, the sum of $306. The plaintiff in error will be referred to as respondent, and the defendant in error as claimant.

One Gus Ward, while employed by the petitioner, was injured on June 28, 1923, and filed his claim for compensation with the State Industrial Commission on August 22, 1923. The Commission, thereafter, and on the 10th day of December, 1923, made a final order of award to the claimant, Gus Ward. The claimant in this case performed medical services for the said Gus Ward at the request of the petitioner, which medical services were last performed by this claimant on the 30th day of November, 1923; that this claimant filed an application for such medical services with the Industrial Commission on July 10, 1925, which was nearly two years after the injury occurred and more than a year after the last services were performed. There is apparently no dispute concerning the facts in the case, nor the reasonableness of the claimant's charges for services.

The only questions presented to this court for determination are:

(1) Does the Industrial Commission of the state of Oklahoma have jurisdiction to make an award to a physician for his services to an injured employee, performed at a verbal request of employer, where no written contract exists?

(2) Is a physician's claim, under facts here presented, barred by the statute of limitations?

At the outset it is clear that if the Commission has jurisdiction to make an award to a physician under the facts and circumstances here presented, it must obtain its jurisdiction from the provisions of the Workmen's Compensation Act. This act was originally passed in 1915, and was amended in 1919 and 1923.

It is admitted by the claimant, defendants in error, that prior to the amendment in 1923 of the Workmen's Compensation Act, the said act contained no provision or authority for the Commission to make an award direct to a physician or surgeon for his compensation for medical services rendered in treating an injured employee. Integrity Mutual Casualty Co. v. State Industrial Commission, 87 Okla. 92, 209 Pac. 653; Associated Employers' Reciprocal v. Industrial Commission, 87 Okla. 16, 208 Pac. 798.

These two cases, decided after the passage of the 1919 amendment to the Workmen's Compensation Act, clearly hold that at that time (1922) the Industrial Commission had no authority to make an award direct to physicians or surgeons performing medical aid.

The question of the jurisdiction, therefore, depends upon section 5, ch. 61, p. 122, Session Laws of 1923, a part of which is as follows:

"Whoever renders medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, or emergency treatment, shall submit the reasonableness of the charges to the State Industrial Commission for its approval, and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured persons, **and when so approved shall be enforceable by the Commission in the same manner** as provided in this act for the enforcement of compensation payments; provided, however, that the foregoing provision relating to **approval** and **enforcement** of such charges shall not apply where a written contract exists between the employer or insurance carrier and the person who renders such medical, surgical or other attendance or treatment. * * *" (Emphasis ours.)

The provision regarding the enforcement by the Industrial Commission was not contained in the Workmen's Compensation Act prior to the passage of the 1923 amendment, and, while the provisions may not be as clear as they could have been, it seems to us that it was the intention of the Legislature to confer upon the Industrial Commission the power to make awards to a physician or surgeon for medical services, and to enforce the same in the same manner as is provided for the enforcement of compensation payments.

The only exception in the 1923 amendment is in the proviso that "the foregoing provision, * * * relating to appeal and enforcement, * * * shall not apply where a written contract exists" between the employer and the physician. This, to our minds, clearly indicates that it shall apply in all cases where no written contract exists. In the case at bar it is admitted that the respondent orally requested the physician to perform the services.

The decisions above referred to, holding that, under the Workmen's Compensation Act, as it existed prior to the passage of the 1923 amendment, the Commission had no authority to make an award direct to a physician, were decided by this court in the fall of 1922, just prior to the convening of the Legislature of 1923, and the Legislature thereupon immediately passed the 1923 amendment giving the Commission the authority as set out in the section above referred to:

This, at least, is persuasive on the question of the intention of the Legislature, since no such provisions existed theretofore, and were immediately placed in the act after this court had decided the Commission had no such jurisdiction.

Counsel for petitioner cite numerous cases from Oklahoma prior to the passage of the 1923 amendment, and many cases from other states where similar statutes are in force and effect. But, in all of the cases cited, we do not find the provision in the Compensation Act giving the Commission authority to award and enforce charges made by a physician to an injured employee.

We, therefore, conclude that the Industrial Commission had jurisdiction to make the award to the claimant herein unless he was barred by the statute of limitations.

It is contended by the petitioner that under the provisions of the Compensation Act the application in this case is barred, and he cites in support thereof section 7301, C. O. S. 1921, which reads as follows:

"The right to claim compensation under this act shall be forever barred, unless, within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

It is contended that since this court has held that, where the Industrial Commission has made an award of compensation for injury, from which no proceedings to review have been brought to this court and no application for rehearing has been filed with the Commission within the time and upon the grounds prescribed by the rules of the Commission, the Industrial Commission has no jurisdiction to review the award except upon the grounds of a change in conditions; citing: Tulsa Street Ry. Co. v. State Industrial Commission, 105 Okla. 265, 232 Pac. 418. Bedford-Carthage Stone Co. v. Industrial Commission, 119 Okla. 231, 249 Pac. 706.

While we recognize the above to be the established law, we do not believe that it applies to charges for a physician and has nothing to do with the facts in this case, for the reason that the charges of this physician were never before the Industrial Commission until Dr. Lemmon filed his claim.

We believe the words as used in the Compensation Act, referring to charges for a physician, are different from compensation payments. The 1923 amendment above referred to uses the language: "When so approved shall be enforceable by the Commission in the same manner as provided in this act for the enforcement of compensation payments," clearly indicating that charges of a physician are different from compensation payments, but enforced in the same manner.

Statutes of limitation should not be applied to cases not clearly within their provisions. They are creatures of the statutes, and, unless clearly shown, should not be applied.

It will, of course, be admitted that under the general statutes of Oklahoma the claimant in this case had three years within which to bring his action. Unless the statute clearly indicates some other limitation of time, the general statute only should be applied.

We do not believe the Compensation Act clearly indicates that the claimant herein should file his claim within one year from the date of the injury. This would lead to an absurdity. In many cases, where the employee suffers from an injury for a year or more, a doctor may not be employed to

treat the injured employee until after a year has expired from the date of the injury, and to say that he must file his claim within one year, when as a matter of fact he had no claim, would of course be absurd. Since we have held that the Industrial Commission has jurisdiction to award and enforce a claim for a physician under the circumstances in this case, it necessarily follows that he is not barred by the one year provision in the Compensation Act, but is governed by the general laws of the state.

For the reasons herein given, the order of the Industrial Commission should be and is hereby affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 101, §97; anno. L. R. A. 1917D, 178; 7 A. L. R. 545; 28 R. C. L. p. 822; 3 R. C. L. Supp. p 1599; 6 R C. L. Supp. p. 1762. (2) Workmen's Compensation Acts—C. J. p. 106, §103 (Anno.)