## SWIFT & CO. et al. v. WALDEN.

No. 25690.   Nov. 26, 1935.

Rehearing Denied March 10, 1936.

J. R. Kitch, John F. Butler, and Potter & Potter, for plaintiffs in error.

Sigler & Jackson, for defendant in error.

PHELPS, J.   On April 20, 1931, Mrs. L. B. Hurley sustained an injury while working for Swift & Company at Ardmore. Under the duties imposed upon them by the Workmen's Compensation Act, Swift & Company and its insurance carrier, Security Mutual Casualty Company, immediately furnished her medical attention, hospitalization, and treatment. There is no contention in the present case that such medical services were not adequate.

Some time between July 4 and July 20, 1932, Mrs. Hurley, still being under the care and treatment of the employer's physician in Ardmore, was visited by Dr. Dewey Walden, of Oklahoma City, who, without consulting the employer or the physician who had been treating her, removed her to Oklahoma City, placed her in a hospital, later

performed an operation upon her and continued said treatment until June 18, 1933. On July 18, 1933, the State Industrial Commission entered an order denying the claim of Dr. Walden against the companies for compensation in payment of medical services rendered the employee, and on August 17, 1933, he filed his petition in the district court of Carter county against the employer and insurance carrier, wherein he alleged that the defendants orally agreed with him on or about July 20, 1932 (approximately the date he began the treatment), to compensate him for services to be rendered the employee. His testimony, however, at the trial of the action was that the defendants engaged his services on September 4, 1932, and that when he began treating her he did not know it was an industrial case at all, and was looking to her for payment of his bill. He recovered a verdict and judgment in that action, and the employer and insurance carrier appeal, their main contention being that the State Industrial Commission's order of July 18, 1933, denying plaintiff's claim against them, terminated the controversy, after which the question was res adjudicata. It is therefore necessary to review in some detail the transactions of the parties connected with the proceedings in the Industrial Commission. This is especially necessary in view of the fact that the plaintiff contends that the Industrial Commission is without jurisdiction to award a physician compensation for his services rendered on contract with the employer, and that, also, since he never filed a claim with the Industrial Commission, he is not bound by its order. Our statement of the facts is made from the record in the present case alone, however.

On August 4, 1932, the defendants' attorneys at Ardmore, apparently in answer to an inquiry from plaintiff, wrote him that the insurance company had provided and was still offering competent medical services and would not agree to assume responsibility for plaintiff's bill. Plaintiff testified that on September 4, 1932, a Mr. Kitch, from Chicago, attorney and adjuster for the defendant companies, was in Oklahoma City and called him with reference to Mrs. Hurley; that Mrs. Hurley was at that time in a hospital in Oklahoma City, and that he and Kitch visited her and went over the bills and that Kitch promised to mail him a check for his services upon returning to Chicago. This is the only evidence in the record tending to prove that the defendants engaged plaintiff's services.

It was contradicted in the testimony of Mr. Kitch himself, who testified that at all times the company denied liability to plaintiff, since the company's offer of competent medical attention always remained open to the employee, but that although the company denied liability, he did negotiate with the plaintiff concerning a compromise on plaintiff's bill. On September 28, 1932, the Ardmore attorneys for defendants wrote plaintiff that they had received his letter of September 26th concerning his charges, and had forwarded it to Mr. Kitch at Chicago. On October 10, 1932, the defendant insurance carrier wrote plaintiff, acknowledging his letter of October 4th, and further stating that defendants did not feel responsible for the expenses, although earlier they had thought a compromise possible. They further stated:

"The matter is now pending on a motion filed by us before the commission."

On October 13, 1932, plaintiff wrote the defendants, in answer to the above letter, stating:

"I am sorry that you are taking the position that the services rendered Mrs. Hurley here by other physicians and myself were not indicated as the result of an accident. Of course, since you have taken this position there is nothing left for me to do other than to proceed via the State Industrial Commission to try and collect my bill for services to Mrs. Hurley. * * * P. S. If you are in Okla. City before 1:30 p. m. October 25 (Date set for hearing of your motion) I would appreciate your calling to see me at my office."

This letter, signed by the plaintiff, contradicted his own testimony that during this period of time he was in the employ of the defendants, on their express promise to pay him for the reasonable value of his services.

Again, on November 1, 1932, the defendants' attorneys wrote plaintiff, answering his letter of October 28th, stating to him that they had no authority to settle his claim.

On April 18, 1933, the defendants served a formal notice on Dr. Walden and others, in which they again informed him that the services of the hospital and the physician at Ardmore were still available to the employee and that the company denied liability for her medical expenses in Oklahoma City. On the same date plaintiff wrote a letter to the attorneys for defendants, replying to the above formal notice, in which he stated that Mrs. Hurley had been under his "continuous care since July 20,

1932, and as you know not at your request but at the request of Mrs. Hurley," and informing defendants that they did not have the right to enter into an "emergency case" and dictate to him what should be done with the patient. Plaintiff **sent a copy of this letter to the State Industrial Commission,** and so marked it, on the bottom thereof.

Replying to that letter, the defendants' attorneys again wrote plaintiff on April 21, 1933, in which they stated that no complaint had ever been received from the patient or her attorney as to the medical services tendered by the defendants and that the services of their physicians and hospital at Ardmore were still available. A copy of this letter was also sent to the commission.

On April 22, 1933, plaintiff made a written, acknowledged assignment to his wife of all of his right, title, and interest in his claim against the defendants for "services rendered in the treatment of Mrs. Grace Hurley * * * at the special instance and request of said above named Mrs. Grace Hurley."

On April 26, 1933, the Industrial Commission caused notice to be served upon the plaintiff that his claim would be heard on May 15, 1933, and directing him to appear at the time and place designated therein and show cause, if any he had, why his claim should not be denied. This was the usual and customary form of notice given by the commission. The hearing was continued until July 18, 1933, at which time all of the claimants appeared except plaintiff. Testimony was taken and the hearing terminated in an order of the commission denying plaintiff's claim and certain others, for the reason that the services were not contracted for by the defendants, and further because no emergency existed at the time that the said services were rendered, arising from the accidental personal injury. No appeal was taken therefrom. Shortly thereafter he filed the present suit.

In order to determine whether the denial of plaintiff's claim by the State Industrial Commission barred recovery in the present action, and in order to clarify some of the former holdings of this court, it will be necessary to review our decisions on this question.

The doctrine announced in Associated Employers' Reciprocal v. State Industrial Commission, 87 Okla. 16, 208 P. 798, and Integrity Mutual Casualty Co. v. State Industrial Commission, 87 Okla. 92, 209 P. 653, to the effect that the Industrial Commission does not have the power to enforce a physician's claim for services rendered an injured employee, under an oral contract between the employer and the physician, is no longer the law in this jurisdiction. Standard Paving Co. v. Lemmon, 129 Okla. 15, 263 P. 140. That is because those cases were based upon section 7288, C. O. S. 1921, which did not permit such recovery. But immediately after those decisions were rendered, the Legislature met and amended that section (S. L. 1923, ch. 61, sec. 5) so as to permit recovery of a physician's bill in the Industrial Commission if the services were rendered at the employee's own request, or upon an oral agreement with the employer. That section as amended is now section 13354, O. S. 1931, and reads:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty days after the injury or for such time in excess thereof as in the judgment of the commission may be required. If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect, or failure, may do so at the expense of the employer; provided, however, that the injured employee or another in his behalf, may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer. Whoever renders medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus or emergency treatment, shall submit the reasonableness of the charges to the State Industrial Commission for its approval and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforceable by the commission in the same manner as provided in this act for the enforcement of compensation payments; provided, however, that the foregoing provision, relating to approval and enforcement of such charges, shall not apply where a written contract exists between the employer or insurance carrier and the person who renders such medical, surgical or other attendance or treatment, nurse and hospital service, or furnishes medicine, crutches or apparatus. The commission shall have authority to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary; provided, the employer shall not be liable to make any of the payments provided for in this section, in case of a contest of liability, where the commission shall decide that the

injury does not come within the terms of this act."

The first case concerning this question to be decided after the amendment of the act was Standard Paving Co. v. Lemmon, 129 Okla. 15, 263 P. 140. In that case the physician performed medical services for the injured employee at the oral request of the employer. The commission made an award to the physician for his services and the employer appealed, contending that the commission did not have jurisdiction to make such award. It was held that the commission, in view of the amended act, did have such jurisdiction and the award was affirmed. It was further stated that the doctrine announced in the two above-mentioned cases had been changed by reason of the 1923 amendment. There was no mention in that case concerning whether the jurisdiction of the commission was exclusive, or concurrent with that of the district court. It was said that the provision in the amendment to the effect that the section shall not apply where a written contract exists clearly indicates that the section shall apply in all cases where no written contract exists.

Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846, was then decided, wherein it was held that the commission was without jurisdiction to make an award to a physician covering services rendered to an injured employee where the employee himself had never filed a claim to recover for such injury in the Industrial Commission. It was held that the compensation to the physician was merely ancillary to the main action and that if there were no main action, the commission had no ancillary power to make the award to the physician. The paragraph in that opinion quoting from Associated Employers' Reciprocal v. Commission, supra, should be considered eliminated, because of the fact that Standard Paving Co. v. Lemmon, supra, had already pointed out that such doctrine was obsolete, by reason of the amendment of 1923. We may say, then, that according to the doctrine announced in Wilson Drilling Co. v. Beyer, supra, where no claim has been filed with the State Industrial Commission to compensate the injured employee, the commission has no power to award the physician compensation for his services, and that in such case "the physician rendering such services is not deprived of his right to resort to the courts for establishment and collection of his claim either against the employer who

may have authorized it or against the employee who was benefited thereby."

It was not held in that opinion, as is here contended, that the commission does not have the power, in a proper case, to make an award for physician's services.

On the question of the jurisdiction of the commission to make an award for medical services rendered at the request of the employer, upon an oral contract, the case of Ranney Rig Building Co. v. Givens, 141 Okla. 195, 285 P. 23, is in all substantial respects identical with the instant case. The injured employee filed a claim, the employer orally engaged the medical services, the commission made an award in favor of a nurse for such services, and it was held that such award was within the jurisdiction of the commission.

In Amerada Petroleum Corporation v. Stricklin, 164 Okla. 131, 23 P. (2d) 162, it was held, on employer's appeal from a district court judgment for medical services, that the district court had jurisdiction of the question and that exclusive jurisdiction thereof was not vested in the Industrial Commission. The engagement of the medical services was by the employer. Since the cases cited above on the same facts permitted recovery in the Industrial Commission, and the Amerada Case in permitting recovery in the district court pointed out that the Industrial Commission's jurisdiction was not "exclusive," it follows that the jurisdiction of the commission and of the district courts is concurrent to render awards and judgments for medical services based upon oral contract with the employer, if the employee has filed a claim in the Industrial Commission.

In Commercial Casualty Insurance Co. v. Cooke Service Station, 165 Okla. 36, 24 P. (2d) 1007, it was stated that the Industrial Commission has exclusive jurisdiction to determine the liability of the insurance carrier as to the amount and reasonableness of the medical expenses, and to whom it should be paid. Thus at first glance it would seem that Amerada Petroleum Corporation v. Stricklin and Commercial Casualty Ins. Co. v. Cooke Service Station are opposite in their holdings; but such is not the case. In the Amerada Case, wherein it was stated that the commission did not have exclusive jurisdiction, the medical services were contracted for by the employer, while in the Commercial Casualty Case they were contracted for by the employee. The cases are consistent, and

the distinction is justified both in common reason and by the terms of the statute. In the Commercial Casualty Case, the Cooke Service Station, Oklahoma University Student Loan Association, and other judgment creditors of Dr. Dewey Walden garnisheed a workmen's compensation insurance carrier to reach funds owing by it to Dr. Walden by reason of services rendered by him to an injured employee. The insurance carrier did not authorize Dr. Walden to treat the employee, who himself had engaged the doctor's services. It was held that in such a case the insurance carrier became indebted to no one for medical expenses until the State Industrial Commission had approved the amount and reasonableness thereof, which it had not yet done when the garnishments were served, and that as to the determination of the question and amount of liability for medical services the commission had exclusive jurisdiction. Such would necessarily be so, because in the absence of contract between the doctor and the employer the latter would not be liable to the doctor at all except under the provisions of the Workmen's Compensation Act, which is administered and enforced by the State Industrial Commission. In such case the employer's liability flows through the employee to the physician, dependent, of course, upon pendency of the "main action" in the commission under the limitation imposed by Wilson Drilling Co. v. Beyer, supra.

The foregoing are the leading Oklahoma cases on this subject. From a comprehensive review of all of them, and the provisions of section 13354, O. S. 1931, it appears that the law on this question in this state may be summarized as follows:

(1) The State Industrial Commission does not have jurisdiction to make an award to a person furnishing medical services under a written contract between the person who renders such services and the employer or insurance carrier (section 13354, O. S. 1931).

(2) Where the medical services were rendered at the instance of the employee, and were not contracted for by the employer or insurance carrier, and the person rendering such services seeks to hold said employer or insurance carrier liable therefor, the Industrial Commission has exclusive jurisdiction to determine the existence, extent, and amount of said liability. Commercial Casualty Ins. Co. v. Cooke Service Station, supra.

(3) Where the medical services were rendered pursuant to an oral contract between the person rendering such services and the employer or insurance carrier, both the State Industrial Commission and the district courts of the state have jurisdiction to make an award or render judgment for the value thereof. The jurisdiction is concurrent. Amerada Petroleum Corporation v. Stricklin, supra; Ranney Rig Building Co. v. Givens, supra.

(4) Regardless of whether the medical services were engaged by the employer, insurance carrier, or injured employee, the State Industrial Commission does not have jurisdiction to make an award for such medical services unless a claim for compensation to be awarded the injured employee has been filed with the commission. Wilson Drilling Co. v. Beyer, supra; O'Mara v. Andrews, 146 Okla. 57, 293 P. 257, 72 A. L. R. 1007.

In the light of the foregoing decisions it is therefore apparent that the State Industrial Commission, as well as the district court of Carter county, had jurisdiction of the subject-matter of this action. See classification 3, above.

As to the jurisdiction of the person, it is unnecessary to this decision to determine whether the commission has the power to make a person furnishing medical services a party to the action, in the absence of the filing of a claim for compensation for such services, for we hold that he did file such claim. What other purpose was there to be accomplished by the plaintiff's filing with the commission a copy of his letter to the defendants, dated April 18, 1933? In it he acknowledged receipt of the defendants' formal notice of nonliability, stated that the employee had been under his continuous care since July 20, 1932, "not at your request but at the request of Mrs. Hurley," and informed them that they had no right to dictate to him what to do with the patient. If it was "at the request of Mrs. Hurley," then it came within classification 2, above, and the commission would have had exclusive jurisdiction and would have been guilty of a serious breach of duty if it had not made him a party. But in either event, whether at the request of the employee as stated in the letter (and we must remember that it was written more than seven months after the date of the supposed oral contract which plaintiff testified he made with defendants), or first at the request of the employee and later at the oral request of the employer as testified to by plaintiff, or at the oral request of the employer from the very beginning as alleged in his petition,— in either event, we say, the commission had

jurisdiction to order the payment of said medical expense, no written contract being involved, and plaintiff's filing the letter with the commission could serve no purpose whatsoever except to place the commission on notice that he expected defendants to pay him, and the commission's construing it in that manner was reasonable. The commission had the power to enforce the payments, exactly as suggested in plaintiff's October 13, 1932, letter wherein he expressed his intention "to proceed via the State Industrial Commission." Accordingly, the commission did the thing which he invited, and which under the circumstances it was its positive duty to do, and by proper statutory method made him a party to the action by serving him with the usual notice. He did not file the present action prior to the hearing on that notice, which may possibly have raised a different question, but waited until a month after the commission had denied his claim. Nor did he appear at all before that body, and deny that it had jurisdiction. He simply ignored it.

The commission has a rule requiring disputed claims to be itemized and verified, but, if the claimant does less than the commission requires, he certainly cannot urge his own laxity as a reason why he should not be bound by its orders. The effect of less than literal compliance with such a rule is an argument for the adverse party to advance. Further, if the claim is incorrect or incomplete in form, as measured by the rules of the commission, the commission may or may not, in its own discretion, refuse to entertain it until it is put in proper form, but if the commission excuses such defect and does entertain it, and issues and serves its process accordingly, it has thereby consented to entertain the claim, nevertheless. The commission may relax its own rules. Mead Bros. v. State Ind. Comm. 144 Okla. 279, 291 P. 571. In addition to the letter sent the commission by plaintiff, plaintiff had testified before that body in behalf of the employee, concerning her condition and the services he had rendered her; this was in the hearing on her own claim. Defendants also filed with the commission a copy of their reply to the letter which plaintiff filed.

As suggested above, there is room for argument as to whether there is any necessity in the first place that the physician file a claim, as a condition precedent to the power of the commission to make him a party, so that the matter may be finally disposed of as to all persons and parties concerned. Awards for medical services are merely ancillary to the main action. Wilson Drilling Co. v. Beyer, supra. But the scope of this opinion is not that point and it is not here decided; we proceed on the assumption, for the sake of reasoning, that it was necessary, and having so assumed, continue consideration of the effect of the letter filed with the commission by plaintiff.

The statute nowhere prescribes that a medical claimant shall file any particular kind or form of claim. It merely provides that he shall submit the reasonableness of the charges to the State Industrial Commission. When, in answer to employer's denial of liability, he replies thereto in terms which reasonably indicate that he has a "charge" for medical services growing out of the accident which is at that time the subject of the main action, and files a copy thereof with the only tribunal at that time having any power to adjudicate the reasonableness of said charge, the presumption is that he did not thereby intend to do a vain and useless thing, but that the act was accompanied with an intelligent purpose, commensurate with the occasion. It would be difficult to even guess at any purpose of said filing and arrive at any decision save the reasonable and necessary inference that it was for the purpose of "proceeding via the State Industrial Commission" to collect his bill, as per the literal meaning of his written notification to the defendant of October 13, 1932, antedating the letter in question.

"Anything filed with the Industrial Commission that challenges its attention, causes it to act, is sufficient to put in motion the process of the Industrial Commission to see that compensation is paid to injured employees." Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103.

If that is true as to the main action, it is true as to the merely ancillary proceedings. And:

"When a claim for compensation is filed, * * * describing the general nature and cause of the injury so that the employer and insurance carrier are afforded a fair opportunity to investigate such injury * * * the Industrial Commission acquires jurisdiction." Combination Drilling Co. v. Wiggs, 163 Okla. 88, 20 P. (2d) 901.

"It is enough that there be something of record which shows the subject-matter before the court, and their action upon it, that their judicial power arose and was exercised by a definitive order, sentence or decree." Howard v. Duncan, 163 Okla. 142, 21 P. (2d) 489.

274

Strict rules of pleading are not enforced in proceedings before the State Industrial Commission. Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P. (2d) 470. Any claim made within the time limited ought to be considered sufficient if it fairly gives such information as the law intends. 2 Schneider's Workmen's Compensation Law (2d Ed.) p. 1921. And though no medical claim, as such, is expressly required by the statute, notice of the injury is expressly required to be given by or for the injured employee, to the employer (sec. 13358, O. S. 1931), and yet we have any number of times held that such notice is not jurisdictional. Consol. Fuel Co. v. State Ind. Comm., 85 Okla. 112, 205 P. 170; Grace v. Vaught, 108 Okla. 187, 235 P. 590; Rucks-Brandt Const. Co. v. Price, 165 Okla. 178, 23 P. (2d) 690.

Had the commission awarded plaintiff medical compensation after bringing him before it by process (and we must remember that this was done, in a due, legal and proper manner, after the filing of his and defendants' letters), it is obvious that the employer would not have been heard to contend that the award was invalid because the doctor's claim was not intended as a claim. As the sound of a bell, the question comes forth instantly: "What else did you deem it to be?"

The fact that the doctor was not in the position of a defendant does not preclude finality of the judgment. If the injured employee herself had failed to appear and present her claim, it could not be said that she could again litigate the matter if the commission had expressly ruled against her and the order had become final.

The statute expressly provides that such matter shall be determined in the commission. We have heretofore held that in such a case as this the commission has jurisdiction, and the district courts have jurisdiction. The commission exercised that jurisdiction when no other action was pending on the same subject-matter. The plaintiff was properly served with process and admits the fact. He chose to ignore it, and failed to appeal from an order which was regular and proper on the face of the proceedings. He should therefore be bound thereby, to the same extent as if he had ignored the process or mandate of any other board, tribunal, or court of competent jurisdiction.

In Howard v. Duncan, 163 Okla. 142, 21 P. (2d) 489, a former award of the Industrial Commission was held res adjudicata of a subsequent action in the district court. Therein this court announced the

principle that if the necessary jurisdictional facts appeared upon the face of the former proceedings, including service of notice, hearing, entering of order, and finality thereof, the jurisdiction of the commission would be conclusively presumed in the later action. It is apparent that that decision is sufficient authority for the view herein taken.

The fact that plaintiff was not present at the hearing before the commission is of course of no importance in this action, since he was properly served with notice. The principle of res adjudicata is as applicable to default judgments after proper notice or summons as to any other judgment. Rhodabarger v. Childs, 120 Okla. 88, 250 P. 489; 2 Freeman on Judgments, sec. 662.

Likewise, the rule which forbids the reopening of a matter finally determined by competent authority applies as well to the quasi-judicial acts of public, executive, or administrative officers or boards acting within their jurisdiction as to judgments of courts having general judicial powers. Champlin v. Okla. Tax Comm., 163 Okla. 185, 20 P. (2d) 904; Howard v. Duncan, supra; 34 C. J. 878, and cases cited.

In view of the above it is unnecessary to consider the remaining proposition of the defendants. The judgment is reversed and the cause remanded, with directions to enter judgment for the defendants.

McNEILL, C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur. BAYLESS and WELCH, JJ., dissent. OSBORN, V. C. J., not participating.