**WHITE IMPLEMENT COMPANY and Utilities Insurance Company, Petitioners,**

v.

**L. A. McDONALD and the State Industrial Commission, Respondents.**

No. 36085.

Supreme Court of Oklahoma.

Feb. 12, 1957.

Rehearing Denied March 12, 1957.

Kerr, Lambert, Conn & Roberts, Duard C. Willoughby, Ada, for petitioners.

Pat Holman, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On November 18, 1949, L. A. McDonald filed a claim for compensation which was thereafter disposed of by order on joint petition dated February 16, 1950. There had been a prior order dated December 28, 1949, which order found L. A. McDonald had sustained a five per cent disability to the left knee. The order on joint petition provides:

"* * * said sum to be in addition to any sum or sums heretofore paid claimant, and in addition to the authorized, reasonable and necessary medical expenses heretofore incurred by reason of his accidental personal injury of August 8, 1949, * * *."

At that time there was no bill or account filed by R. E. Cowling. Thereafter on March 16, 1953, R. E. Cowling filed two bills which constituted the claims involved in this proceeding. One bill was for $234 for treatment, and the other for $193.10 covering hospitalization, making a total of $427.10. This amount was allowed by the State Industrial Commission in an order dated June 16, 1953.

This proceeding is brought to vacate the order.

Petitioners cite Standard Paving Co. v. Lemmon, 129 Okl. 15, 263 P. 140, and assert that this case is conclusive as to the right of R. E. Cowling to prevail. The claimant attempts to distinguish this case. We do not think the case in point. It is a well known and often expressed rule that a party can waive the statute of limitation. Douglass v. Douglass, 199 Okl. 519, 188 P.2d 221. We hold under the facts and circumstances of this case that the employer and insurance carrier waived the statute of limitation. The record does not disclose just when the claim was first delivered to the attorneys for the insurance carrier, but it is not denied that R. E. Cowling, after the first award on December 28, 1949, and some time before the joint petition was filed on February 16, 1950, presented both the bill for the hospital treatment and for the medical treatment to the attorneys for the insurance carrier. The petitioners offered no evidence to disclose why there was an objection to the payment of the medical expenses and why the claim was not filed.

In one question presented to R. E. Cowling it is revealed that the claim, as presented to petitioners, and the one filed varied not more than $10 in amount, and that petitioners would have claimed that at least one treatment was given by Dr. Cowling either too early or too late to be included in the claim. There is no other evidence in the record to sustain any objection to the claim as filed. Dr. Cowling called the State Industrial Commission to determine why his claim had not been allowed and then, for the first time, was informed that his claim had never been filed. He then filed his claim as above stated.

We think that when the attorneys for the insurance carrier took the claim and discussed with R. E. Cowling the correctness thereof he had the right to assume that the claim would be duly filed for consideration by the State Industrial Commission. They cannot, at this late date now deny the total amount of the claim simply because there was a difference between them and R. E. Cowling as to the amount due.

The State Industrial Commission was correct in finding that the claim was filed within time and the order allowing the claim is sustained.

Award sustained.

CORN, V. C. J., and HALLEY, JOHNSON and BLACKBIRD, JJ., concur.

WELCH, C. J., and DAVISON, WILLIAMS, and JACKSON, JJ., concur in result.