**PATTERSON STEEL COMPANY, Own Risk, Petitioner,**

v.

**William Orlando SMITH and Oklahoma State Industrial Court, Respondents.**

No. 38873.

Supreme Court of Oklahoma.

June 14, 1960.

Steele, Daugherty & Downey, George S. Downey, Tulsa, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

From January 14 to May 19, 1958, one Johnny Walkabout, an employee of peti-

tioner, remained under active medical care of Dr. William Orlando Smith who treated him for an ear injury sustained on October 15, 1957, in an industrial accident.

On September 3, 1958, the workman initiated his claim for compensation benefits. On the same day he entered into a final settlement with the employer (petitioner herein) and submitted a joint petition for approval of the State Industrial Court. By the terms of the agreement petitioner undertook to pay certain medical expenses incurred by Johnny Walkabout. Included among those was the obligation to Dr. Smith. On September 11, 1958, the trial tribunal issued its "order on joint Petition", which was filed the following day. It recites, among others, that the employer shall pay "authorized, reasonable and necessary medical expenses heretofore incurred by claimant by reason of his accidental personal injury."

On October 3, 1958, Dr. Smith instituted this ancillary proceeding to obtain an order directing petitioner to pay for the medical services rendered to Johnny Walkabout. The physician requested that "the hearing include the reasonableness" of his charge in the sum of $2,150. At the hearing upon this claim the trial judge held that petitioner, having previously assumed liability for payment of this obligation, was "estopped" from disputing the amount of the physician's fee and allowed the same in full. This proceeding was brought by petitioner to obtain a review of the award to Dr. Smith.

It is first contended that under 85 O.S. 1951 § 29, the trial tribunal was without jurisdiction to entertain the medical claim as the same was filed more than 20 days after entry of the order on joint petition. The cited section of the statute provides in pertinent part:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within twenty (20) days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the State to review such award or decision. * * *"

The record discloses that Dr. Smith was not made a party to, and had no notice of, the proceedings on settlement by joint petition. Nor does it appear that a copy of the final order thereon was ever sent to him by the trial tribunal as provided in the quoted section of the statute. It therefore follows that the settlement and award made to Johnny Walkabout was not final as to Dr. Smith at the time he instituted the present claim. Higley v. Schlessman, Okl., 292 P.2d 411.

When medical services are rendered by a physician to an injured workman at the instance of said workman or pursuant to an oral agreement with the employer, the State Industrial Court has jurisdiction under 85 O.S.1951 § 14, to determine the existence, extent and amount of employer's liability for such services. Swift & Co. v. Walden, 176 Okl. 268, 55 P.2d 71.

The State Industrial Court may not, however, enter an order allowing medical expenses against the employer, unless there is in existence a claim for compensation by the injured workman. In the absence of such primary proceeding brought by the employee, the dependent claim of a physician is not cognizable by the State Industrial Court and is ordinarily relegated to the courts of law. Higley v. Schlessman, Okl., 292 P.2d 411; Wilson Drilling Co. v. Beyer, 138 Okl. 248, 280 P. 846; O'Mara v. Andrews, 146 Okl. 57, 293 P. 257, 72 A.L.R. 1007.

Under 85 O.S.1951 § 14, when a claim for medical services is submitted, it is the duty of the trial tribunal to approve the same in a reasonable and proper amount unless the employer expressly agrees or stipulates to pay the charge as made. Stickney v. Suttle, 203 Okl. 668, 225 P.2d 799; Galey & Molloy v. Belt, 187 Okl. 318, 102 P.2d 868. If, when an award is made to an injured workman, medical

expenses are not directly presented for approval or the State Industrial Court fails to specifically pass upon the issue, a medical claimant may thereafter, within the statutory period of time, institute in the same action an ancillary proceeding and prosecute the same in his own name in order to obtain approval and allowance of his charges. Higley v. Schlessman, supra; Galey & Molloy v. Belt, supra; Standard Paving Co. v. Lemmon, 129 Okl. 15, 263 P. 140.

■ Petitioner does not dispute that Dr. Smith rendered necessary treatment to the injured workman. Neither is it denied that the expense so incurred at the instance of the employee was authorized and assumed by petitioner. We conclude that the medical claim under consideration was cognizable before the State Industrial Court.

It is next contended that the State Industrial Court erred as a matter of law in holding petitioner "estopped" from disputing the amount of the medical claim and in precluding admission and consideration of evidence to show that the same was excessive.

The matter submitted for the determination of the trial tribunal in the present proceeding is governed by the provisions of 85 O.S.1951 § 14, which states in part as follows:

"* * * Whoever renders medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, or emergency treatment, *shall submit the reasonableness of the charges to the State Industrial Commission* for its approval and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforcible by the Commission in the same manner as provided in this Act for the enforcement of compensation payments; * * *" (Emphasis ours).

■ The "order on joint petition" did not specifically determine or approve the amount of medical fee to be allowed Dr. Smith. While by the terms of its settlement with the workman petitioner assumed liability for this obligation, there was no agreement or stipulation that the physician's charge was accepted as reasonable. An employer is not concluded or bound by a general order of the trial tribunal directing payment of necessary medical expenses and, in the absence of a specific agreement or stipulation as to their reasonableness, may thereafter dispute the amount of such charges in an ancillary proceeding brought by the physician for approval and allowance of his claim.

In Galey & Molloy v. Belt, supra, it is stated:

"* * * in Skelly Oil Co. v. Standley, 148 Okl. 77, 297 P. 235, this court held that an order for medical expenses where none are presented does not injure the petitioner; that the employer is liable only for such proper medical expenses as have been presented and allowed. Since the general order does not prejudice the petitioners against any special fee or claim for medical expenses that may be presented hereafter we are of the opinion that it is not necessary to determine to what extent the said order is binding until that matter has been presented in some definite claim made in an authorized proceeding."

■ In considering the claim for medical services rendered to an injured workman, the State Industrial Court may not act arbitrarily, but should afford the interested parties an opportunity to present their evidence in support of, and in opposition to, the claim and approve the same in a proper and reasonable amount. Sanitary Land Fill Company v. Pearson, Okl., 330 P.2d 576.

There was error in holding petitioner "estopped" to deny the reasonableness of the medical claim.

Order allowing the charges is vacated with directions to set the cause for hearing on due notice to all parties and to ap-

prove the claim in an amount determined to be proper and reasonable.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.