**Carl O. WOMACK, Respondent,**

v.

**BOSTON FISHERIES, a Subsidiary of Stone Freezer Foods, and Iowa Mutual Insurance Company, Petitioners.**

**No. 45925.**

Supreme Court of Oklahoma.

Oct. 29, 1974.

Donovan, Freese & March by Gerard K. Donovan, Edmond F. Geary, Tulsa, for petitioners.

N. Franklyn Casey and Stephen C. Wolfe, Tulsa, for respondent.

DOOLIN, Justice.

This is a proceeding to review an en banc order, affirming a trial judge's order, requiring petitioner to pay medical and hospital bills incurred by an injured employee (Womack). Undue time lapse between injury, treatment, filing of claims, hearings, and eventual entry (July 15, 1971) of the order reviewed, necessitate extended summation to disclose chronological sequence of events creating this controversy.

Claim for compensation filed March 12, 1972, alleged occurrence of accidental back injury January 10, 1962. A trial judge's award of compensation was modified by State Industrial Court on appeal en banc by reduction of the award to 35% permanent partial disability to body as a whole. This phase of the case terminated November 26, 1973, and is not considered further, except for questions concerning effect and finality of that settlement in relation to cer-

tain claims considered herein. Present issues concern propriety of an order requiring petitioner to pay charges ($2,064.15) for claimant's self-procured medical and hospital expenses, incurred subsequent to an order (April 12, 1962) awarding further temporary total compensation and medical treatment from a competent physician to be selected by petitioner. These matters are summarized hereafter.

Following injury (January 10 1962) claimant was hospitalized, treated, and paid temporary total compensation until released January 24 for return to work. Claimant voluntarily quit work in March, 1962, and without notice or request for further treatment, placed himself under care of Dr. J. and was hospitalized for emergency care in Oklahoma Osteopathic Hospital on March 22, 1962. On March 27 claimant's attorney wrote petitioner's insurer advising of need for emergency hospitalization. Claimant was discharged from the hospital on April 7, but continued treatment under Dr. J. until May 7, 1962.

After hearing, the trial judge entered an order awarding temporary total compensation until April 7, 1962. The order found further treatment necessary, directed treatment by competent physician to be selected by petitioner, and awarded further temporary total compensation to begin when claimant presented himself for treatment. Petitioners were ordered to pay all reasonable medical bills theretofore incurred. This order was appealed and affirmed by State Industrial Court en banc. This order became final, hence no issue is considered relative to charges for self-procured medical services received without notice or knowledge imparted to an employer. See Sappington-Hickman, Inc. v. State Industrial Court (Okl.), 262 P.2d 707, in relation to employer's right to select physician under the Act.

May 1, 1962, claimant's attorney had sent petitioners a letter request for advice as to physicians to whom claimant should present himself for treatment. The record does not show petitioners acknowledged this request, or directed claimant to a physician. June 6, 1962, claimant sought treatment from Dr. W., who reported need for hospitalization myelogram and diagnostic studies in view of demonstrated symptoms of possible herniated disc. The physician reported claimant's condition was approaching emergency because of encroaching pain. Claimant was hospitalized July 3, 1962 for emergency surgery, during which laminectomy and spinal fusion was performed. The following September Dr. W. evaluated the claimant as temporarily totally disabled with prognosis of continuing disability for three to four months. Charges incurred during the last mentioned hospitalization and treatment supported Form 19 claims which are the basis of order now reviewed. Claimant later testified this treatment did not relieve his condition.

In December, 1962, claimant was hospitalized by Drs. S. & I., selected by petitioner, and in January, 1963, exploratory surgery was performed, including removal of four screws and a small piece of dead bone implanted by Dr. W. Subsequent examination showed claimant's back stabilized, although re-hospitalized in February, 1963, as a result of a fall. These physicians referred claimant to Dr. U., for psychiatric treatment, who reported disability emanated from fear of total disability. Claimant continued treatment under Drs. S. & I. until May, 1963, but in July, he testified his condition remained unchanged.

Prior to hearing (July 11, 1963) the court ordered payment of Dr. J.'s Form 19 claim for medical services. At this hearing claimant introduced deposition testimony supporting reasonableness of these charges. Claimant's case was heard only upon issue of permanent partial disability, and an order was entered awarding 62½% permanent partial disability to body as a whole. Appeal of this order to State Industrial Court en banc resulted in modification mentioned (reduced to 35%). The order directing payment of charges reflected by Dr. J.'s Form 19 was not appealed. Prior to this hearing on July 11, 1963,

Form 19 claims had been filed on behalf of Dr. W. and the hospital.

Thereafter the case was approved for joint petition settlement and became final. This order also required payment of all medical bills incurred. Claimant's attorney also represented the hospital and had filed Form 19. A Form 19 had been filed June 25 1963 on behalf of Dr. W. Charges claimed by the hospital's Form 19 and, those shown by Dr. W.'s Form 19, specifically were excluded from consideration on joint petition settlement hearing, and left open for future hearing and determination. This fact of the case then remained dormant through the intervening years.

July 15, 1971 another Judge (Cooper) entered an order reciting submission of the case for determination pursuant to hearing on November 10, 1966, and presentation of claims by named attorneys. These attorneys had not appeared during earlier proceedings, except counsel representing petitioners. This order found petitioners had refused timely request for medical attention, and medical services ultimately rendered were in nature of emergency treatment. Further, petitioners had waived objections to reasonableness and necessity of charges in open court. The order denied petitioners' objections that charges for medical services were unauthorized, and adjudicated petitioners' liability for total charges ($2,064.15) under Form 19 claims for services.

At this point we note the hospital's Form 19, filed June 18, 1963, itemized charges of $404.35 for treatment and care during claimant's hospitalization March 22, 1962 through April 7, 1962. Form 19 on behalf of Dr. W., filed June 25, 1963, itemized charges in June, 1962, prior to second hospitalization, and also charges for surgery and treatment following hospitalization until discharged, in total amount of $865.00. However, on January 29, 1970, the hospital filed Form 19 reflecting charges ($804.80) for claimant's hospitalization between June 25 and July 22, 1962.

This proceeding seeks vacation of the order requiring payment of enumerated medical expenses. Propriety of the order is attacked on three grounds. The first contention insists claimant initially was provided medical attention at petitioners' expense. Although petitioners were also directed to furnish further medical, this was limited to treatment from physicians selected by petitioners. Thus any expenses incurred by claimant were not petitioners' responsibility, because an employer is not responsible for claimant's additional medical care where medical attention is being provided. Early decisions cited in support of this argument are not controlling.

■■■ The rule stated in Gross v. State Industrial Court, 117 Okl. 33, 245 P. 580, was announced prior to amendment of the Act (then § 7288, C.O.S.1921) fixing responsibility for self-procured emergency treatment. Aetna Life Ins. Co. v. Watts, 148 Okl. 28, 296 P.2d 977, did not involve an employer's failure to furnish medical attention, and is distinguishable upon the facts. Southwestern Bridge & Culvert Co. v. Sullinger, 167 Okl. 498, 30 P.2d 881, holds an employer free from liability for self-procured medical expenses where an employee does not request treatment and there is no emergency. This rule does not apply where emergency medical treatment is obtained. Neither notice nor request is required where an emergency exists. Whether an emergency existed is a question of fact for the State Industrial Court. Wilkerson Chevrolet, Inc. v. Mackey (Okl.), 396 P.2d 664.

■■■ Petitioners next contend the joint petition settlement became final when approved, and foreclosed State Industrial Court jurisdiction to order payment of medical charges evidenced by Form 19 claims filed. Petitioners point out claimant's attorney also filed Form 19 for the hospital, and Form 19 had been filed on behalf of Dr. W., both of which were reviewed but not allowed. The hospital was represented by counsel at joint petition hearing, and copy of the order was mailed

to the attorney. Asserting that Dr. W. made no showing of failure to receive a copy of the settlement order, and since there was no appeal from the order which failed to direct payment of medical expenses, petitioners conclude the court lost jurisdiction to adjudicate this issue later, under the law announced in Higley, Adm. v. Schlessman (Okl.), 292 P.2d 411.

The rule stated in *Higley* is not applicable in this proceeding. Record on the joint petition hearing clearly reflects understanding and agreement by petitioners' attorney that claims of Dr. W., and the Hospital were left open. Neither party was chargeable for medical expenses at that time. Right was reserved for medical claimants, to prove necessity and reasonableness of charges, which matters were to be heard and determined by the court. Having reserved these matters for future determination, questions relative to effect of joint petition settlement on rights of ancillary parties, and lack of notice of the order of settlement, need not be considered. The statute (§ 14) requires the trial court to hear and determine necessity and reasonableness of claim for medical expenses when there is an existing claim for compensation. Patterson Steel Co. v. Smith (Okl.), 353 P.2d 126, and cases cited.

The final contention attacks this order because the award was for greater amounts than claimed under Form 19 prior to final hearing, and also because entered years after joint petition settlement. This complaint is upon two grounds, viz.: (1) amount of this award was based upon medical bills introduced at last hearing in 1971; (2) the order found petitioners had waived objections to necessity and reasonableness of the expenses claimed by Dr. W., although petitioners preserved objections thereto at all times.

▮ Under ground two petitioners say consistent objections to Dr. W.'s claim undoubtedly was basis for failure to allow this claim in 1963 when court adjudicated only permanent partial disability. This conclusion is unwarranted. Dr. W.'s claim

for medical services was pending and was not determined. The order entered found petitioners waived objections to reasonableness and necessity for medical services evidenced by Form 19 claims. Record presented for review does not contain transcript of November 10, 1966 proceedings. It was petitioners' duty to cause to be prepared, and filed, a sufficient record of trial court proceedings to show cause for reversing or vacating the order. Educators Auto Ins. Co. v. Jones (Okl.), 428 P.2d 277. See Midwest Scale Co. v. England (Okl.), 411 P.2d 531, relative to preservation of errors for appellate review of orders of State Industrial Court. We do not notice this argument further.

▮ Argument against correctness of amount awarded the Hospital on Form 19 claim is sound. Form 19 filed by Hospital claimed amount of $394.35 for medical services rendered was pending at time of joint petition settlement. Approximately seven years later, January 29, 1970, another Form 19 filed claiming original amount, and additional sum of $804.80 for June through July, 1962 hospitalization. Claim for medical expenses for attending injured employee is governed by general statutes of limitation. 12 O.S.1971 § 95. Standard Paving Co. v. Lemmon, 129 Okl. 15, 263 P. 140. This requirement may be waived by the employer or insurer. White Implement Co. v. McDonald (Okl.), 308 P.2d 282. Also see Depue v. Barsh Truck Lines (Okl.), 493 P.2d 80.

▮ Hospital's Form 19 claim filed January 29, 1970 showed, upon its face, inclusion of charges for services rendered more than five (5) years prior to date of the claim. The record does not reflect waiver of requirement for filing claim within statutory period. The order awarding Hospital's total claim was erroneous, and must be vacated, and the cause remanded for modification.

The order is sustained in all respects except as to award of the Hospital's total claim. The order is vacated as to this claim and the cause remanded with direc-

tions to State Industrial Court to correct the order in accordance with views expressed.

·Sustained in part, vacated in part with directions.

All Justices concur.