Dan L. **FORTENBACHER,**
**D.O., Petitioner,**

v.

**GUARDSMARK, INC., National Union Fire Insurance Co., and Workers' Compensation Court, Respondents.**

No. 81984.

Court of Appeals of Oklahoma, Division 1.

Dec. 21, 1993.

Louis P. Falsetti, Brady, Schaulat & Falsetti, Oklahoma City, for petitioner.

K. David Roberts and Teresa Cauthorn, King, Roberts & Beeler, Oklahoma City, for respondents.

## MEMORANDUM OPINION

ADAMS, Judge:

In 1983, Carol Ann Martin was injured in an on-the-job automobile accident. She received temporary total disability benefits through October, 1985, and an order was entered on February 12, 1988, awarding her permanent partial disability benefits for injury to her head and brain, neck, low back and bladder. The court also found that though she had injured her ribs, shoulders, abdomen, hearing, vision and hips, she had no permanent partial disability from those injuries. The order recited that Guardsmark or its insurance carrier "shall pay all reasonable and necessary medical expenses incurred" by her as a result of her employment-related injury.

■ Dan L. Fortenbacher, D.O., filed a Form 19 on May 15, 1991, seeking payment for services rendered to Martin prior to the 1988 order. According to this record, bills reflecting those services were submitted to Guardsmark and its insurance carrier in June, 1988, and payment was denied in October 1988. The Workers' Compensation Court denied the medical payment claims, finding them barred by the statute of limitations. Dr. Fortenbacher seeks review of that order.

Dr. Fortenbacher first argues that the February 12, 1988 order, since unappealed,

became a judgment and that a five-year dormancy provision, not a statute of limitations, is applicable. Dr. Fortenbacher argues he had five years to satisfy the judgment for medical expenses granted in the February 12, 1988 order through a Form 19 claim, which he characterizes as an enforcement procedure. We disagree.

■ An employer is not concluded or bound by a general order directing payment of necessary medical expenses in the absence of a specific agreement or stipulation as to the reasonableness of the expenses. *Patterson Steel Company v. Smith*, 353 P.2d 126 (Okla.1960). The February 12, 1988 order was, essentially, interlocutory as to Martin's medical expenses because the reasonableness of and necessity for the expenses had not been determined by the trial court nor had the parties made any agreement or stipulation in that regard. Further, as in *Standard Paving Co. v. Lemmon*, 129 Okl. 15, 263 P. 140 (1928), the rule that an order which has not been timely appealed may not be later reviewed has no application because the actual medical charges were not before the court until Dr. Fortenbacher filed a claim. Because there was no prior final judgment of the court addressing these medical expenses, dormancy limits are irrelevant to our analysis.[1]

Alternatively, Dr. Fortenbacher argues a five-year statute of limitations applies to a claim for medical services, citing *Womack v. Boston Fisheries*, 527 P.2d 1368 (Okla.1974). Guardsmark argues a three-year limitation period applies, citing *Standard Paving v. Lemmon*. We must agree the three-year limitation period provided in 12 O.S.1991 § 95(2), which is applicable to actions upon a liability created by statute other than a forfeiture or penalty is the appropriate limitation.

As it may apply here, *Womack* involved review of an order directing payment of a hospital's medical bills which were rendered more than seven years prior to the filing of the Form 19 on which the order was based.

In vacating the trial court's order, the *Womack* Court cited the holding to *Standard Paving v. Lemmon* that the general statute of limitations contained in 12 O.S. § 95 applied and noted that the hospital's Form 19 included services "rendered more than five (5) years prior to the date of the claim." *Womack*, 527 P.2d at 1372. Dr. Fortenbacher cites this latter statement as a holding that the five-year limitation in 12 O.S.1991 § 95(6), applicable to an "action for relief, not hereinbefore provided for," covers claims for medical expenses in workers' compensation cases.

Dr. Fortenbacher's analysis, while arguably correct, is inconsistent with the clear holding in *Standard Paving v. Lemmon*, 263 P. at 142, that the medical services provider "had three years within which bring his action." In construing *Womack*, we must recognize its approval of *Standard Paving v. Lemmon* and conclude the Court was merely using the longest period of limitation arguably available under § 95 rather than implicitly overruling a portion of the case which it had just cited with approval.

This interpretation is also consistent with the statutory language. Absent some special contract, the liability of an employer or insurance carrier for medical treatment as a result of on-the-job injuries results solely from the statutory provisions of the Workers' Compensation Act, 85 O.S.1991 § 1 *et seq.*, and there is no suggestion that such liability is a "forfeiture or penalty." By the explicit terms of the statute, the three-year limitation applies.

■ Dr. Fortenbacher argues that any limitation period could not have started to run until his medical expense claim was rejected by Guardsmark in October, 1988, because his cause of action did not accrue until that point. As the court noted in *Patterson*, 353 P.2d at 128, when a physician renders services to an injured worker, the Workers' Compensation Court has jurisdiction "to determine the existence, extent and amount of employer's liability for such services." Sub-

---

1. We do not consider Dr. Fortenbacher's argument that Michigan's ten-year limitation period on judgments is applicable under 12 O.S.1991 § 105 because this argument is made for the first time in this review proceeding and was not presented to the trial court. *Bostick Tank Truck Service v. Nix*, 764 P.2d 1344 (Okla.1988).

mission of charges for a determination of reasonableness has been the requirement in Oklahoma since the enactment of Compiled Oklahoma Statutes 1921, Section 7288 (Supp. 1923).

Were we to adopt Dr. Fortenbacher's construction, the limitations period could be manipulated by the timing of the submission of charges to the employer or employer's insurer. Clearly, once the trial court determined that Martin had suffered a work-related injury, reasonable and necessary medical expenses could be submitted for approval by the Workers' Compensation Court. At that point, all the elements for maintaining a cause of action to a successful conclusion were present, and the cause of action accrued. Cf. MBA Commercial Const. v. Roy J. Hannaford, 818 P.2d 469 (Okla.1991). The Form 19 seeking payment for services, filed more than three years after the determination Martin had sustained work-related injury, was filed too late.

 Even if late, Dr. Fortenbacher claims, this Form 19 should be allowed because Guardsmark has waived any limitations period or should be estopped from asserting this defense. He likens his situation to that in White Implement Company v. McDonald, 308 P.2d 282 (Okla.1957), and argues the general order of the court issued February 12, 1988, lulled him into a false sense of security to his detriment, just as negotiations in that case lulled the doctor into believing his charges would be paid.

A party who relies on estoppel or waiver must plead and prove facts to establish these defenses. Further, a party claiming to have been misled by the conduct of another must not have been mislead through his own want of reasonable care. Hillers v. Local Federal Savings & Loan Association, 204 Okl. 615, 232 P.2d 626 (1951). In McDonald, the physician had submitted a claim to the attorneys for the carrier and had reasonably assumed they would file it with the court. Dr. Fortenbacher presented nothing to show any representations were made by Guardsmark or its carrier. Further, there is no evidence that anything they did caused the Form 19 to remain unfiled for over three years after entry of the general order. Estoppel and waiver are not supported in this record and may not be used to vacate the order under review.

Finally, Dr. Fortenbacher argues his due process rights were prejudiced because he had no notice of trial on the underlying workers' compensation claim and, therefore, argues any limitation period was tolled. On this record, we need not decide whether lack of notice of the trial and order adjudicating a covered injury tolls the statute of limitations. It is incumbent upon Dr. Fortenbacher to provide a sufficient record which demonstrates the alleged error of the trial court. Smith v. Smith, 579 P.2d 841 (Okla.App. 1978). Further, the burden of producing evidence that a statute of limitations has been tolled is on the party claiming that benefit. Armco Inc. v. Holcomb, 694 P.2d 937 (Okla.1985). The record before us does not demonstrate Dr. Fortenbacher put on any evidentiary material addressing the issue of receipt of notice, and he failed to meet his burden to show any tolling occurred.

Dr. Fortenbacher has not demonstrated that the order under review is not supported by competent evidence or resulted from error of law. Accordingly, the order is sustained. Parks v. Norman Municipal Hospital, 684 P.2d 548 (Okla.1984).

SUSTAINED.

JONES, P.J., and HANSEN, C.J., concur.