1999 OK CIV APP 34

**H. Don CHUMLEY, Petitioner,**

**v.**

**CLIMATE MASTER, INC., and the Workers' Compensation Court, Respondents.**

**No. 91,836.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 8, 1999.

James G. Potts, Oklahoma City, Oklahoma, For Petitioner,

Darla Anderson and James C. Ferguson, WALKER, FERGUSON & FERGUSON, Oklahoma City, Oklahoma, For Respondents.

## OPINION

ADAMS, Judge:

¶1 This review of a Form 19 proceeding poses the question of when the statute of limitations began to run on Petitioner's claim for payment of his bill for medical services rendered to Claimant James R. Heitzler. At hearing before the Workers' Compensation Court, both parties argued *Fortenbacher v. Guardsmark, Inc.*, 1993 OK CIV APP 194, C, 867 P.2d 487, controlled, but they differed on how the principles enunciated in that case applied to the facts of this matter. The Workers' Compensation Court concluded that the limitations period began to run on December 1, 1994, when the last professional services were rendered by Petitioner (Dr. Chumley) and that his claim, based upon a Form 19 filed on January 22, 1998, was time-barred.

■ ¶2 Generally, a statute of limitations begins to run when a cause of action accrues. *Oklahoma Brick Corporation v. McCall*, 1972 OK 70, 497 P.2d 215. A cause of action does not accrue until the elements of a cause of action arise, that is, the cause of action accrues when a litigant first could

have maintained his action to a *successful conclusion. Sherwood Forest No. 2 Corp. v. City of Norman*, 1980 OK 191, 632 P.2d 368. Dr. Chumley argues that did not occur until March 9, 1995, when the Workers' Compensation Court adjudged Claimant's injury was compensable under the Workers' Compensation Act. Respondent (Employer) contends that occurred when Claimant filed his Form 3 on November 4, 1994, because Dr. Chumley could have *filed* his Form 19 any time after that date, *see* Rule 24(G), Workers' Compensation Court Rules, 85 O.S.Supp.1995, Ch. 4, App.[1]

■ ¶3 Although the filing of a claim or notice of injury is necessary to invoke the jurisdiction of the Workers' Compensation Court, these are not the *only* events necessary to trigger the commencement of the limitations period. "It is only after a claim/notice has been filed, Workers' Compensation Court jurisdiction has been assumed, *and an adjudication has been made that the injury was work-related*, that a medical care provider may seek in the Workers' Compensation Court reimbursement for services rendered." *Romero v. Workers' Compensation Court*, 1993 OK 150, ¶9, 863 P.2d 1251, 1254. (Emphasis added.) Moreover, *Red Rock Mental Health v. Roberts*, 1996 OK 117, 940 P.2d 486, described the jurisdiction of the Workers' Compensation Court to address Form 19 claims as being "restricted to (a) those asserted by a claimant against the employer for compensable on-the-job harm or death and (b) claims by medical providers *to successful claimants*." 1996 OK 117, ¶13, 940 P.2d at 491. (Footnotes omitted, emphasis added). *Romero* and *Roberts* recognize and reaffirm that a physician's claim is ancillary to the claim of the injured worker for benefits.

¶4 The filing of a Form 3 or Form 3–B is only the first element which must be present. Prior to the determination by the Workers' Compensation Court that Mr. Heitzler's claim was one compensable under the Workers' Compensation Act, Dr. Chumley could not have pursued his payment request to a conclusion because the treatment would not

---

1. Now Rule 24(B).

have been rendered to a "successful claimant." The limitations period did not begin to run until *all* elements were present for Dr. Chumley to pursue his request for payment *to a successful conclusion.* *Fortenbacher* is consistent with this analysis. Addressing the issue of when the limitation period began to run, a panel consisting of the same judges as this panel concluded:

> Clearly, *once the trial court determined that [the claimant] had suffered a work-related injury,* reasonable and necessary medical expenses could be submitted for approval by the Workers' Compensation Court. *At that point, all the elements for maintaining a cause of action to a successful conclusion were present, and the cause of action accrued.*

*Fortenbacher,* 1993 OK CIV APP 194, ¶ 10, 867 P.2d at 490. (Emphasis added, and citation omitted.) [2]

¶ 5   Dr. Chumley filed his Form 19 within three years of the date the Workers' Compensation Court determined the injuries for which Dr. Chumley treated Claimant were compensable. The trial court erred in concluding that Dr. Chumley's Form 19 claim was barred by the statute of limitations. The order denying his claim is vacated, and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.

HANSEN, P.J., and JONES, C.J., concur.

**2.**  This case provides an excellent example of the importance of considering the text of the opinion rather than merely the headnote provided by the editors of West Publishing Co. The fourth headnote for West's publication of *Fortenbacher,* inaccurately states that a cause of action like Dr. Chumley's "accrued, for limitations purposes, when services were rendered."